# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

### UNITED STATES OF AMERICA,

### v.

JOSEPH ORTIZ a/k/a "Little Vicious,"
VICTOR FLORES, a/k/a "Little Creeper,"
JUSTIN WHIPPLE, a/k/a "Teddy,"
BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"
MICHAEL ORTIZ, JR., a/k/a "Vicious,"
MICHAEL ORTIZ, SR., a/k/a "Blackie,"
ARMANDO ACOSTA, a/k/a "Savage,"
GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"
RAYMOND HEMBRY, a/k/a "Tear Drop,"
JAMES HEMBRY, a/k/a "Pimpy,"

RICHARD MARTINEZ, a/k/a "Maniac,"
RODRIGO AGUAYO, a/k/a "Ayo,"
GREGORIO GUZMAN, a/k/a "Rhino,"
MARIO BERGREN, a/k/a "Fat Boy,"
ANDREW BRYANT a/k/a "Andy"
PETER DAVIS, a/k/a "P-Nasty,"
LOUIS RODRIGUEZ,
TANYA RODRIGUEZ, a/k/a "La China,"
BETTY ORTIZ,

# FILED

APR 2 4 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### DEFENDANT(S).

# SUPERSEDING INDICTMENT

18 U.S.C. § 1962(d) – Racketeering Conspiracy;
18 U.S.C. § 1959 – Violent Crime in Aid of Racketeering;
18 U.S.C. § 924(j) – Use of Firearm Causing Murder;
18 U.S.C. § 924(c) – Use/Possession of Firearm in Furtherance of Crime of Violence;
18 U.S.C. § 1951 – Hobbs Act Robbery/Conspiracy;
18 U.S.C. § 1512(c)(2) – Obstruction of Justice;
18 U.S.C. § 1519 – Concealing Object to Obstruct Investigation;
18 U.S.C. § 371 – Conspiracy;
18 U.S.C. § 2 – Aiding & Abetting;
18 U.S.C. § 3 – Accessory After the Fact

A true bill.

_____
Foreman

Filed in open court this ___24th___ day of

_April, 2012_

_____
Clerk

Bail, $ _see below_

No process as to Joseph Ortiz and Louis Rodriguez
No bail warrants as to all remaining defendants

1 | MELINDA HAAG (CABN 132612)
2 | United States Attorney



**FILED**

APR 2 4 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 12-0119-SI |
| ) | |
| v. ) | **FIRST SUPERSEDING INDICTMENT** |
| ) | |
| (1) JOSEPH ORTIZ, ) | <u>VIOLATIONS</u>: 18 U.S.C. § 1962(d) – |
| a/k/a "Little Vicious," ) | Racketeering Conspiracy; 18 U.S.C. § 1959 – |
| (2) VICTOR FLORES, ) | Violent Crime in Aid of Racketeering; 18 |
| a/k/a "Little Creeper," ) | U.S.C. § 924(j) – Use of Firearm Causing |
| (3) JUSTIN WHIPPLE, ) | Murder; 18 U.S.C. § 924(c) – Use/Possession |
| a/k/a "Teddy," ) | of Firearm in Furtherance of Crime of |
| (4) BENJAMIN CAMPOS-GONZALEZ, ) | Violence; 18 U.S.C. § 1951 – Hobbs Act |
| a/k/a "BG," ) | Robbery/Conspiracy; 18 U.S.C. § 1512(c)(2) – |
| (5) MICHAEL ORTIZ, JR., ) | Obstruction of Justice; 18 U.S.C. § 1519 – |
| a/k/a "Vicious," ) | Concealing Object to Obstruct Investigation; |
| (6) MICHAEL ORTIZ, SR., ) | 18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 2 – |
| a/k/a "Blackie," ) | Aiding & Abetting; 18 U.S.C. § 3 – Accessory |
| (7) ARMANDO ACOSTA, ) | After the Fact |
| a/k/a "Savage," ) | |
| (8) GIOVANNI RIMANDO ASCENCIO, ) | |
| a/k/a "Gio," ) | **SAN FRANCISCO VENUE** |
| (9) RAYMOND HEMBRY, ) | |
| a/k/a "Tear Drop," ) | |
| (10) JAMES HEMBRY, ) | |
| a/k/a "Pimpy," ) | |
| (11) RICHARD MARTINEZ, ) | |
| a/k/a "Maniac," ) | |
| (12) RODRIGO AGUAYO, ) | |
| a/k/a "Ayo," ) | |
| (13) GREGORIO GUZMAN, ) | |
| a/k/a "Rhino," ) | |
| (14) MARIO BERGREN, ) | |
| a/k/a "Fat Boy," ) | |

(15) ANDREW BRYANT
       a/k/a "Andy"
(16) PETER DAVIS,
       a/k/a "P-Nasty,"
(17) LOUIS RODRIGUEZ,
(18) TANYA RODRIGUEZ,
       a/k/a "La China," and
(19) BETTY ORTIZ,

           Defendants.

# FIRST SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE:         (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

Introductory Allegations

At all times relevant to this First Superseding Indictment ("this Indictment"):

1.      *Nuestra Familia* — Spanish for "Our Family" and also known by the letters "*NF*" — is a prison gang that was formed in the late 1960s in the California State prison system. The rise of *Nuestra Familia* is linked to the emergence in the late 1950s of another prison gang called the Mexican Mafia, also known as "*La Eme*." Hispanic inmates in the California State prison system joined together to form what became the Mexican Mafia for protection against other prison gangs as well as to engage in illegal activities for profit. The Mexican Mafia soon became dominated by Mexican and Mexican-American inmates from Southern California, and Hispanic inmates from Northern California perceived that they were marginalized under the dominion of the Mexican Mafia. As a result, Hispanic inmates with roots in Northern California banded together and formed what became *Nuestra Familia* in order to protect themselves and advance their own interests.

2.      By the 1970s, *Nuestra Familia* rivaled the power of the Mexican Mafia and other prison gangs in California, and the competition between members and associates of *Nuestra Familia* and the Mexican Mafia resulted in violent and often fatal encounters. Similarly, outside of prison, the members and associates of *Nuestra Familia* and the Mexican Mafia competed with

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                              -2-

1   each other to control such profitable criminal activities as narcotics trafficking, extortion, and

2   robbery. This competition between the two rivals led to murder, attempted murder, and other

3   acts of violence.

4       3.    *Nuestra Familia* is composed of relatively few full members, who are known as

5   "*carnales*" and who control the gang. Despite being imprisoned and being closely scrutinized by

6   prison officials, *Nuestra Familia carnales* still manage to convey their orders to *NF* members

7   and associates throughout the prison system and outside of prison through a variety of means,

8   including secret notes, called "kites" or "filters," coded letters, and messages conveyed by

9   complicit visitors.

10       4.    *Nuestra Familia carnales* control and direct the activities of others, notably

11   members of various *Norteño* gangs. *Norteños* are gang members who are generally from

12   Northern California, who pledge their allegiance and loyalty to *Nuestra Familia*, and who have

13   been instructed on the rules, rituals, and obligations of *Nuestra Familia*. *Norteños* commit

14   crimes such as narcotics trafficking, robbery, and murder to benefit themselves and *Nuestra*

15   *Familia*. *Norteños* refer to each other as "*hermanos*" or "*bros*," and new *carnales* are pulled

16   from the ranks of *Norteños* who have proven their loyalty to *Nuestra Familia* by committing

17   crimes for the gang's benefit.

18       5.    Other street gang members who claim general affiliation with *Nuestra Familia*

19   but who have not yet been embraced as "*hermanos*" or *Norteños* are known as "Northerners."

20   Northerners earn promotion to the higher orders under *Nuestra Familia* by proving themselves

21   through the commission of criminal activities benefitting the gang and/or by spending time in jail

22   or prison. Northerners typically engage in street-level drug dealing as well as crimes of violence,

23   including murder and robbery.

24       6.    *Nuestra Familia* organizes its followers on the streets into "regiments," or

25   "crews" who commit crimes for the gang's benefit. A regiment is usually led by a regimental

26   commander who is typically a *carnal* or a high-level *Norteño*. Some *carnales* command more

27   than one *NF* regiment. The rank and file of an *NF* regiment are called "soldiers"and are usually

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI            -3-

1  *Norteño*s and Northerners.  Among other things, the regimental commander is responsible for
2  overseeing the criminal activities of his regiment.

3       7.    *Nuestra Familia* and its affiliated gangs have been and continue to be engaged in
4  a fierce and violent gang war with the Mexican Mafia and the Mexican Mafia's affiliated gangs,
5  which are generally called "*Sureño*" or "Southern" gangs.  Within the prison system, this rivalry
6  manifests itself in beatings and stabbings, which often result in death.  Outside the prison system,
7  the two sides, north and south, fight for control of narcotics trafficking territory as well as control
8  over other crimes.  In addition to fighting for control over remunerative illegal activities and
9  using violence and terror for the purpose of enriching themselves, the two sides also engage in
10  violence simply to assert their gang identities.  A member or associate of one side is expected to
11  "hunt" — that is, seek out and beat, stab, and shoot — a member or associate of the other side.
12  Similarly, a member or associate of one side is expected to confront and attack any suspected
13  member or associate of the other side he (or, less frequently) she may encounter.  Because of this
14  on-going war, many innocent individuals have been hurt or killed as a result of mistaken identity
15  or for being in the wrong place at the wrong time.

16       8.    Although the primary and deadliest rivalry is between those who follow *Nuestra*
17  *Familia* versus those who follow the Mexican Mafia, there also exists tension within each side as
18  well.  On the streets, despite their common enmity towards *Sureños*, the myriad *Norteño* gangs in
19  Northern California often war among themselves over control of gang territory and criminal
20  activities, as well as over simple gang pride.  Internecine violence among *Norteños* and
21  Northerners has caused injury and death to gang members and innocents alike.

22  The 500 Block/C Street Gang

23       9.    The 500 Block gang first appeared in South San Francisco, California, in the early
24  1990s, when several members of the Cypress Park Locos ("CPL") — an existing *Norteño* gang in
25  South San Francisco — split from CPL due to internal disagreements.  Like CPL members, 500
26  Block members identify themselves as *Norteños*, for instance, by claiming the color red and the
27  number 14, which stands for the fourteenth letter of the alphabet, "N," a symbol for *NF* and
28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI      -4-

1 | *Norteños.* The 500 Block gang claims as its territory the 500 blocks of Baden Avenue,

2 | Commercial Avenue, and Railroad Avenue in South San Francisco. The gang's members refer

3 | to the gang in writings, graffiti, and tattoos as "Nickel Block" and "Nickel Gang," as well as by

4 | other variations on the 500 Block name.

5 |       10.    The C Street gang first appeared in South San Francisco in the late 1980s and

6 | formed in and around the government housing complexes in the 300 and 400 blocks of C Street

7 | in South San Francisco. C Street gang members commonly refer to themselves by the names "C

8 | Street" or "C Street Mob," and also identify themselves as *Norteños* or Northerners. Along with

9 | claiming the 300 and 400 blocks of C Street, the gang's turf also includes the 200 block of C

10 | Street and the area of Orange Park in South San Francisco.

11 |       11.    The territories claimed by the 500 Block gang and the C Street gang are adjacent,

12 | and since roughly the mid-2000s, the ties between members of the 500 Block gang and the C

13 | Street gang have grown stronger. In addition, members of the 500 Block gang and the C Street

14 | gang have become increasingly hostile over the years to members of the larger CPL despite their

15 | common *Norteño* affiliation, especially after violent clashes between members of the 500 Block

16 | gang and members of CPL. Since the mid-2000s, the 500 Block gang and the C Street gang

17 | essentially function as a single, unified association-in-fact enterprise. Their members coordinate

18 | their activities and engage in violence together to defend their collective territory against rival

19 | *Sureño* gangs, such as the Westborough Park *Sureños* of South San Francisco and the Lomitas

20 | Park Locos of San Bruno, California, as well as rival *Norteño* gangs, notably, CPL.

21 | <u>The Racketeering Enterprise</u>

22 |       12.    The 500 Block/C Street Gang, including its leadership, members, and non-

23 | member associates, constituted an "enterprise" as defined in Title 18, United States Code,

24 | Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an

25 | ongoing organization whose members functioned as a continuing unit for a common purpose of

26 | achieving the objectives of the enterprise. The enterprise was engaged in, and its activities

27 | affected, interstate and foreign commerce.

28 |

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI              -5-

Purposes of the Enterprise

13.   The purposes of the 500 Block/C Street Gang enterprise included the following:

a.   Preserving and protecting the power, territory, reputation, and profits of the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

b.   Promoting and enhancing the enterprise and the activities of its members and associates, including, but not limited to, murder, attempted murder, narcotics trafficking, theft of vehicles, robberies, and other criminal activities;

c.   Keeping victims, potential victims, and community members in fear of the enterprise and its members and associates through violence and threats of violence;

d.   Protecting the gang's members and associates who committed crimes by hindering, obstructing, and preventing law enforcement officers from identifying the offenders, apprehending the offenders, and successfully prosecuting and punishing the offenders;

e.   Providing assistance to and working with allied gangs against their common enemies, such as members of CPL and *Sureño* gangs.

The Defendants

14.   The defendant, JOSEPH ORTIZ, a/k/a "Little Vicious," has been a member of the 500 Block gang since at least in or about 2001, when he was approximately 11 years old.  By in or about 2008, JOSEPH ORTIZ was one of the ranking members on the 500 Block side of the 500 Block/C Street Gang.  The defendants, VICTOR FLORES, a/k/a "Little Creeper," JUSTIN WHIPPLE, a/k/a "Teddy," and BENJAMIN CAMPOS-GUTIERREZ, a/k/a "BG," have all been members of the C Street gang since at least in or about 2009.  Among other activities taken in furtherance of the 500 Block/C Street Gang, on or about December 22, 2010, in the vicinity of Eighth Lane and Linden Avenue in South San Francisco, JOSEPH ORTIZ, FLORES, and WHIPPLE, aided by CAMPOS-GUTIERREZ, who served as their driver, shot at seven individuals who they believed were rival gang members, hitting six of the individuals and killing three of them.

15.   The defendant, MICHAEL ORTIZ, JR., a/k/a "Vicious," is the older brother of

1  JOSEPH ORTIZ, and has been a member of the 500 Block gang since at least in or about 2001.

2  In or about late 2008, he was "jumped out" of the gang because he had become distracted by drug

3  use. Despite being jumped out, however, MICHAEL ORTIZ, JR., continued to associate with

4  members of the 500 Block/C Street Gang, and by 2010, sought formally to rejoin the 500 Block

5  gang. Among other activities taken in furtherance of the 500 Block/C Street Gang, MICHAEL

6  ORTIZ, JR., in late 2008 tried to shoot a 500 Block gang member who had dropped out of the

7  gang, and on or about December 22, 2010, following the fatal shootings on Eighth Lane

8  referenced above, tampered with evidence of the shootings.

9        16.    The defendant, MICHAEL ORTIZ, SR., a/k/a "Blackie," is the father of JOSEPH

10 ORTIZ and MICHAEL ORTIZ, JR., and was one of the original members of the C Street gang in

11 the 1980s. Among other activities taken in furtherance of the 500 Block/C Street Gang, on or

12 about December 22, 2010, MICHAEL ORTIZ, SR., met with JOSEPH ORTIZ after the fatal

13 shooting on Eighth Lane in South San Francisco referenced above and helped JOSEPH ORTIZ

14 evade law enforcement.

15       17.    The defendant, GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio," has been a

16 member of the 500 Block gang since at least in or about 2008. In or about 2011, ASCENCIO

17 became the leader of the 500 Block side of the 500 Block/C Street Gang. The defendant,

18 RAYMOND HEMBRY, a/k/a "Tear Drop," has been a member of the C Street gang since at

19 least in or about 2008. In or about 2011, RAYMOND HEMBRY became the leader of the C

20 Street side of the united 500 Block/C Street Gang.

21       18.    The defendants, ARMANDO ACOSTA, a/k/a "Savage," and RODRIGO

22 AGUAYO, a/k/a "Ayo," have been members of the 500 Block gang since at least in or about

23 2006. Among other activities taken in furtherance of the 500 Block/C Street Gang, ACOSTA

24 and AGUAYO fought with and shot at rival gang members. In addition, in or about 2006,

25 AGUAYO stabbed someone he believed to have been a rival gang member. On or about

26 December 22, 2010, ACOSTA provided transportation to VICTOR FLORES, JUSTIN

27 WHIPPLE, and BENJAMIN CAMPOS-GUTIERREZ after they participated in the fatal

28

1  shootings on Eighth Lane referenced above.

2       19.    The defendants, JAMES HEMBRY, a/k/a "Pimpy," GREGORIO GUZMAN,

3  a/k/a "Rhino," MARIO BERGREN, a/k/a "Fat Boy," and ANDREW BRYANT, a/k/a "Andy,"

4  have all been members of the C Street gang since at least in or about 2008. Among other

5  activities taken in furtherance of the 500 Block/C Street Gang, JAMES HEMBRY, GUZMAN,

6  BERGREN, and BRYANT fought with and shot at rival gang members, as well as provided

7  firearms for members of the 500 Block/C Street Gang to use.

8       20.    The defendants, RICHARD MARTINEZ, a/k/a "Maniac," and PETER DAVIS,

9  a/k/a "P-Nasty," have been associates of the 500 Block/C Street Gang since at least 2008.

10  Among other activities taken in furtherance of the 500 Block/C Street Gang, MARTINEZ

11  provided firearms for the use of 500 Block/C Street Gang members, while DAVIS committed

12  robberies with the members of the 500 Block/C Street Gang.

13       21.    The defendants, who are associates, members, and leaders of the 500 Block/C

14  Street Gang, acted individually, with each other, and also with non-member 500 Block/C Street

15  Gang associates in the commission of racketeering activities and other criminal conduct.

16                    The Racketeering Conspiracy

17       22.    Beginning on a date unknown to the Grand Jury but since at least the mid-2000s,

18  and continuing up through and including the present, in the Northern District of California and

19  elsewhere, the defendants,

20                (1) JOSEPH ORTIZ, a/k/a "Little Vicious,"

21                (2) VICTOR FLORES, a/k/a "Little Creeper,"

22                (3) JUSTIN WHIPPLE, a/k/a "Teddy,"

23            (4) BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

24                (5) MICHAEL ORTIZ, JR., a/k/a "Vicious,"

25                (6) MICHAEL ORTIZ, SR., a/k/a "Blackie,"

26                (7) ARMANDO ACOSTA, a/k/a "Savage,"

27          (8) GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"

28

1           (9) RAYMOND HEMBRY, a/k/a "Tear Drop,"

2           (10) JAMES HEMBRY, a/k/a "Pimpy,"

3           (11) RICHARD MARTINEZ, a/k/a "Maniac,"

4           (12) RODRIGO AGUAYO, a/k/a "Ayo,"

5           (13) GREGORIO GUZMAN, a/k/a "Rhino,"

6           (14) MARIO BERGREN, a/k/a "Fat Boy,"

7           (15) ANDREW BRYANT, a/k/a "Andy," and

8           (16) PETER DAVIS, a/k/a "P-Nasty,"

9 together with others known and unknown, each being a person employed by and associated with

10 the 500 Block/C Street Gang, an enterprise engaged in, and the activities of which affected,

11 interstate and foreign commerce, unlawfully, knowingly, and intentionally did conspire to violate

12 Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and

13 indirectly, in the conduct of the affairs of the 500 Block/C Street Gang enterprise through a

14 pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and

15 (5), which pattern of racketeering activity consisted of:

16         a.     multiple acts and threats involving murder, in violation of California Penal

17 Code §§ 187, 188, 189, 182, 21a, 664, 653f, and 422; robbery, in violation of California Penal

18 Code §§ 211, 212, 212.5, 213, 182, 21a, and 664; and extortion, in violation of California Penal

19 Code §§ 518, 519, 520, 524, 664, and 182;

20         b.     multiple acts involving dealing in controlled substances, in violation of 21

21 U.S.C. §§ 841(a)(1) and 846; and

22         c.     multiple acts indictable under 18 U.S.C. §§ 1951, 1513, 1512, and 1503.

23     23.     It was part of the conspiracy that each defendant agreed that a conspirator would

24 commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

25                   Means and Methods of the Conspiracy

26     24.     It was part of the means and methods of the conspiracy that the defendants and

27 other members and associates of the 500 Block/C Street Gang, discussed with other members

28

1   and associates of the 500 Block/C Street Gang, among other things, the membership and rules of

2   the 500 Block/C Street Gang; the status of 500 Block/C Street Gang members and associates

3   who were arrested or incarcerated; the disciplining of 500 Block/C Street Gang members; 500

4   Block/C Street Gang members' encounters with law enforcement; the identities of individuals

5   suspected of cooperating with law enforcement and the proposed actions to be taken against

6   them; plans and agreements regarding the commission of future crimes, including murder,

7   robbery, extortion, narcotics distribution, illegal possession of firearms, and assault, as well as

8   ways to conceal these crimes; and the enforcement of the rules of the 500 Block/C Street Gang.

9          25.     It was further part of the means and methods of the conspiracy that the defendants

10  and other members and associates of the 500 Block/C Street Gang agreed to purchase, possess,

11  maintain, use, and circulate a collection of firearms for use in criminal activity by the members

12  and associates of the 500 Block/C Street Gang.

13         26.     It was further part of the means and methods of the conspiracy that the defendants

14  and other members and associates of the 500 Block/C Street Gang agreed that acts of violence,

15  including murder, attempted murder, and assault, would be committed by members and

16  associates of the 500 Block/C Street Gang against rival gang members and others when it suited

17  the enterprise's purposes.  Members of the 500 Block/C Street Gang also used violence to

18  impose discipline within the 500 Block/C Street Gang.

19         27.     It was further part of the means and methods of the conspiracy that the defendants

20  and other members and associates of the 500 Block/C Street Gang agreed to distribute narcotics,

21  to commit robbery, extortion, and other crimes, and to conceal their criminal activities by

22  obstructing justice, threatening and intimidating witnesses, and other means.

23         All in violation of Title 18, United States Code, Section 1962(d).

24  COUNT TWO:              (18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid

25                          of Racketeering)

26         28.     Paragraphs 1 through 21 and 24 through 27 of this Indictment are realleged and

27  incorporated by reference as though fully set forth herein.

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                          -10-

29.    At all times relevant to this Indictment, the 500 Block/C Street Gang constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

30.    At all times relevant to this Indictment, the 500 Block/C Street Gang, the above-described enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple acts and threats involving murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, 653f, and 422; robbery, in violation of California Penal Code §§ 211, 212, 212.5, 213, 182, 21a, and 664; and extortion, in violation of California Penal Code §§ 518, 519, 520, 524, 664, and 182; multiple acts involving dealing in a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and multiple acts indictable under 18 U.S.C. §§ 1951, 1513, 1512, and 1503.

31.    Beginning on a date unknown to the Grand Jury but since at least the mid-2000s, and continuing up through and including the present, in the Northern District of California and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street Gang, an enterprise engaged in racketeering activity, the defendants,

(1) JOSEPH ORTIZ, a/k/a "Little Vicious,"

(2) VICTOR FLORES, a/k/a "Little Creeper,"

(3) JUSTIN WHIPPLE, a/k/a "Teddy,"

(4) BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

(5) MICHAEL ORTIZ, JR., a/k/a "Vicious,"

(6) MICHAEL ORTIZ, SR., a/k/a "Blackie,"

(7) ARMANDO ACOSTA, a/k/a "Savage,"

(8) GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"

(9) RAYMOND HEMBRY, a/k/a "Tear Drop,"

1        (10) JAMES HEMBRY, a/k/a "Pimpy,"

2       (11) RICHARD MARTINEZ, a/k/a "Maniac,"

3       (12) RODRIGO AGUAYO, a/k/a "Ayo,"

4       (13) GREGORIO GUZMAN, a/k/a "Rhino,"

5       (14) MARIO BERGREN, a/k/a "Fat Boy,"

6       (15) ANDREW BRYANT, a/k/a "Andy," and

7       (16) PETER DAVIS, a/k/a "P-Nasty,"

8  together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

9  conspire, confederate, and agree together and with each other to commit murder, in violation of

10  California Penal Code Sections 187, 188, and 189, to wit, the defendants agreed together and

11  with each other to kill actual and suspected members of rival gangs, individuals suspected of

12  cooperating with law enforcement, and individuals who defied the will of the 500 Block/C Street

13  Gang, in order to maintain and increase their standing within the racketeering enterprise known

14  as the 500 Block/C Street Gang.

15     All in violation of Title 18, United States Code, Section 1959(a)(5).

16  <u>COUNT THREE</u>:        (18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a

17                      Dangerous Weapon in Aid of Racketeering)

18     32.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

19  realleged and incorporated by reference as though fully set forth herein.

20     33.    Beginning on a date unknown to the Grand Jury but since at least the mid-2000s,

21  and continuing up through and including the present, in the Northern District of California and

22  elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the

23  500 Block/C Street Gang, an enterprise engaged in racketeering activity, the defendants,

24        (1) JOSEPH ORTIZ, a/k/a "Little Vicious,"

25       (2) VICTOR FLORES, a/k/a "Little Creeper,"

26       (3) JUSTIN WHIPPLE, a/k/a "Teddy,"

27       (4) BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI          -12-

1         (5) MICHAEL ORTIZ, JR., a/k/a "Vicious,"

2         (6)  MICHAEL ORTIZ, SR., a/k/a "Blackie,"

3         (7) ARMANDO ACOSTA, a/k/a "Savage,"

4     (8) GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"

5      (9) RAYMOND HEMBRY, a/k/a "Tear Drop,"

6        (10) JAMES HEMBRY, a/k/a "Pimpy,"

7      (11) RICHARD MARTINEZ, a/k/a "Maniac,"

8       (12) RODRIGO AGUAYO, a/k/a "Ayo,"

9      (13) GREGORIO GUZMAN, a/k/a "Rhino,"

10      (14) MARIO BERGREN, a/k/a "Fat Boy,"

11      (15) ANDREW BRYANT, a/k/a "Andy," and

12       (16) PETER DAVIS, a/k/a "P-Nasty,"

13 together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

14 conspire, confederate, and agree together and with each other to commit assault with a dangerous

15 weapon, in violation of California Penal Code Section 245(a)(1), to wit, the defendants agreed

16 together and with each other to assault with guns, knives, and other dangerous weapons, actual

17 and suspected members of rival gangs, individuals suspected of cooperating with law

18 enforcement, and individuals who defied the will of the 500 Block/C Street Gang, in order to

19 maintain and increase their standing within the racketeering enterprise known as the 500 Block/C

20 Street Gang.

21     All in violation of Title 18, United States Code, Section 1959(a)(6).

22 <u>COUNT FOUR</u>:        (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

23                  Furtherance of Crime of Violence)

24     34.    Beginning on a date unknown to the Grand Jury but since at least the mid-2000s,

25 and continuing up through and including the present, in the Northern District of California and

26 elsewhere, the defendants,

27         (1) MICHAEL ORTIZ, JR., a/k/a "Vicious,"

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                -13-

(2) MICHAEL ORTIZ, SR., a/k/a "Blackie,"

(3) ARMANDO ACOSTA, a/k/a "Savage,"

(4) GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"

(5) RAYMOND HEMBRY, a/k/a "Tear Drop,"

(6) JAMES HEMBRY, a/k/a "Pimpy,"

(7) RICHARD MARTINEZ, a/k/a "Maniac,"

(8) RODRIGO AGUAYO, a/k/a "Ayo,"

(9) GREGORIO GUZMAN, a/k/a "Rhino,"

(10) MARIO BERGREN, a/k/a "Fat Boy," and

(11) ANDREW BRYANT, a/k/a "Andy"

together with others known and unknown, unlawfully, willfully, and knowingly did use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the 500 Block/C Street Gang racketeering conspiracy charged in Count One of this Indictment, the conspiracy to commit murder in aid of racketeering charged in Count Two of this Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of racketeering charged in Count Three of this Indictment, and did possess a firearm in furtherance of the offenses charged in Count One, Count Two, and Count Three of this Indictment, and did brandish a firearm in furtherance of the offenses charged in Count One, Count Two, and Count Three of this Indictment, and did discharge a firearm in furtherance of the offenses charged in Count One, Count Two, and Count Three of this Indictment, to wit, the defendants possessed, used, and had available for their use a variety of firearms to further the goals and activities of the 500 Block/C Street Gang.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT FIVE:          (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of
                     Racketeering of Victim-1)

35.     Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

1    36.    On or about December 18, 2010, in the Northern District of California, for the
2  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street
3  Gang, an enterprise engaged in racketeering activity, the defendant,

4                      JOSEPH ORTIZ, a/k/a "Little Vicious,"

5  together with others known and unknown, unlawfully, knowingly, and intentionally did attempt
6  to murder Victim-1, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

7    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

8  COUNT SIX:              (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of
9                          Racketeering of Victim-2)

10    37.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are
11  realleged and incorporated by reference as though fully set forth herein.

12    38.    On or about December 18, 2010, in the Northern District of California, for the
13  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street
14  Gang, an enterprise engaged in racketeering activity, the defendant,

15                      JOSEPH ORTIZ, a/k/a "Little Vicious,"

16  together with others known and unknown, unlawfully, knowingly, and intentionally did attempt
17  to murder Victim-2, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

18    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

19  COUNT SEVEN:            (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of
20                          Racketeering of Victim-3)

21    39.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are
22  realleged and incorporated by reference as though fully set forth herein.

23    40.    On or about December 18, 2010, in the Northern District of California, for the
24  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street
25  Gang, an enterprise engaged in racketeering activity, the defendant,

26                      JOSEPH ORTIZ, a/k/a "Little Vicious,"

27  together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                          -15-

1 | to murder Victim-3, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

2 |      All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

3 | COUNT EIGHT:      (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

4 |      Racketeering of Victim-4)

5 |      41.      Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

6 | realleged and incorporated by reference as though fully set forth herein.

7 |      42.      On or about December 18, 2010, in the Northern District of California, for the

8 | purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

9 | Gang, an enterprise engaged in racketeering activity, the defendant,

10 |      JOSEPH ORTIZ, a/k/a "Little Vicious,"

11 | together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

12 | to murder Victim-4, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

13 |      All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

14 | COUNT NINE:      (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

15 |      Furtherance of Crime of Violence)

16 |      43.      On or about December 18, 2010, in the Northern District of California, the

17 | defendant,

18 |      JOSEPH ORTIZ, a/k/a "Little Vicious,"

19 | together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

20 | a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

21 | of the United States, namely, the attempted murder in aid of racketeering of Victim-1 charged in

22 | Count Five of this Indictment, the attempted murder in aid of racketeering of Victim-2 charged in

23 | Count Six of this Indictment, the attempted murder in aid of racketeering of Victim-3 charged in

24 | Count Seven of this Indictment, and the attempted murder in aid of racketeering of Victim-4

25 | charged in Count Eight of this Indictment, and did possess, brandish, and discharge a firearm in

26 | furtherance of the offenses charged in Counts Five, Six, Seven, and Eight of this Indictment.

27 |      All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

28 |

1    COUNT TEN:                    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering

2                                  of Victim-5)

3         44.     Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

4    realleged and incorporated by reference as though fully set forth herein.

5         45.     On or about December 22, 2010, in the Northern District of California, for the

6    purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

7    Gang, an enterprise engaged in racketeering activity, the defendants,

8                              JOSEPH ORTIZ, a/k/a "Little Vicious,"

9                              VICTOR FLORES, a/k/a "Little Creeper,"

10                             JUSTIN WHIPPLE, a/k/a "Teddy," and

11                         BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

12   together with others known and unknown, unlawfully, willfully, and intentionally did murder

13   Victim-5, in violation of California Penal Code Sections 187, 188, and 189.

14        All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

15   COUNT ELEVEN:                  (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering

16                                  of Victim-6)

17        46.     Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

18   realleged and incorporated by reference as though fully set forth herein.

19        47.     On or about December 22, 2010, in the Northern District of California, for the

20   purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

21   Gang, an enterprise engaged in racketeering activity, the defendants,

22                             JOSEPH ORTIZ, a/k/a "Little Vicious,"

23                             VICTOR FLORES, a/k/a "Little Creeper,"

24                             JUSTIN WHIPPLE, a/k/a "Teddy," and

25                         BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

26   together with others known and unknown, unlawfully, willfully, and intentionally did murder

27   Victim-6, in violation of California Penal Code Sections 187, 188, and 189.

28

1    All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

2    COUNT TWELVE:          (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering

3                          of Victim-7)

4        48.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

5    realleged and incorporated by reference as though fully set forth herein.

6        49.    On or about December 22, 2010, in the Northern District of California, for the

7    purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

8    Gang, an enterprise engaged in racketeering activity, the defendants,

9                    JOSEPH ORTIZ, a/k/a "Little Vicious,"

10                   VICTOR FLORES, a/k/a "Little Creeper,"

11                   JUSTIN WHIPPLE, a/k/a "Teddy," and

12                   BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

13   together with others known and unknown, unlawfully, willfully, and intentionally did murder

14   Victim-7, in violation of California Penal Code Sections 187, 188, and 189.

15       All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

16   COUNT THIRTEEN:        (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in

17                          Furtherance of Crime of Violence Resulting in Murder)

18       50.    On or about December 22, 2010, in the Northern District of California, the

19   defendants,

20                   JOSEPH ORTIZ, a/k/a "Little Vicious,"

21                   VICTOR FLORES, a/k/a "Little Creeper,"

22                   JUSTIN WHIPPLE, a/k/a "Teddy," and

23                   BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

24   together with others known and unknown, unlawfully, willfully, and knowingly, during and in

25   relation to a crime of violence for which they may be prosecuted in a court of the United States,

26   namely, the murder in aid of racketeering of Victim-5 charged in Count Ten of this Indictment,

27   the murder in aid of racketeering of Victim-6 charged in Count Eleven of this Indictment, and the

28

1   murder in aid of racketeering of Victim-7 charged in Count Twelve of this Indictment, did use

2   and carry a firearm, and in furtherance of such crime, did possess a firearm, and in the course of

3   that crime did cause the death of a person through the use of a firearm, which killing was murder

4   as defined in Title 18, United States Code, Section 1111(a).

5          All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

6   COUNT FOURTEEN:          (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

7                                         Racketeering of Victim-8)

8          51.     Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

9   realleged and incorporated by reference as though fully set forth herein.

10         52.     On or about December 22, 2010, in the Northern District of California, for the

11  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

12  Gang, an enterprise engaged in racketeering activity, the defendants,

13                         JOSEPH ORTIZ, a/k/a "Little Vicious,"

14                         VICTOR FLORES, a/k/a "Little Creeper,"

15                         JUSTIN WHIPPLE, a/k/a "Teddy," and

16                         BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

17  together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

18  to murder Victim-8, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

19         All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

20  COUNT FIFTEEN:          (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

21                                         Racketeering of Victim-9)

22         53.     Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

23  realleged and incorporated by reference as though fully set forth herein.

24         54.     On or about December 22, 2010, in the Northern District of California, for the

25  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

26  Gang, an enterprise engaged in racketeering activity, the defendants,

27                         JOSEPH ORTIZ, a/k/a "Little Vicious,"

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                          -19-

1                    VICTOR FLORES, a/k/a "Little Creeper,"

2                    JUSTIN WHIPPLE, a/k/a "Teddy," and

3              BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

4    together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

5    to murder Victim-9, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

6           All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

7    <u>COUNT SIXTEEN</u>:         (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

8                         Racketeering of Victim-10)

9         55.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

10   realleged and incorporated by reference as though fully set forth herein.

11        56.    On or about December 22, 2010, in the Northern District of California, for the

12   purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

13   Gang, an enterprise engaged in racketeering activity, the defendants,

14                  JOSEPH ORTIZ, a/k/a "Little Vicious,"

15                   VICTOR FLORES, a/k/a "Little Creeper,"

16                   JUSTIN WHIPPLE, a/k/a "Teddy," and

17             BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

18   together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

19   to murder Victim-10, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

20          All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

21   <u>COUNT SEVENTEEN</u>:     (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

22                        Racketeering of Victim-11)

23        57.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

24   realleged and incorporated by reference as though fully set forth herein.

25        58.    On or about December 22, 2010, in the Northern District of California, for the

26   purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

27   Gang, an enterprise engaged in racketeering activity, the defendants,

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI              -20-

1                                 JOSEPH ORTIZ, a/k/a "Little Vicious,"

2                                 VICTOR FLORES, a/k/a "Little Creeper,"

3                                 JUSTIN WHIPPLE, a/k/a "Teddy," and

4                          BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

5  together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

6  to murder Victim-11, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

7        All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

8  <u>COUNT EIGHTEEN</u>:       (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

9                              Furtherance of Crime of Violence)

10        59.    On or about December 22, 2010, in the Northern District of California, the

11  defendants,

12                                 JOSEPH ORTIZ, a/k/a "Little Vicious,"

13                                 VICTOR FLORES, a/k/a "Little Creeper,"

14                                 JUSTIN WHIPPLE, a/k/a "Teddy," and

15                          BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

16  together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

17  a firearm during and in relation to a crime of violence for which they may be prosecuted in a

18  court of the United States, namely, the murder in aid of racketeering of Victim-5 charged in

19  Count Ten of this Indictment, the murder in aid of racketeering of Victim-6 charged in Count

20  Eleven of this Indictment, the murder in aid of racketeering of Victim -7 charged in Count

21  Twelve of this Indictment, the attempted murder in aid of racketeering of Victim-8 charged in

22  Count Fourteen of this Indictment, the attempted murder in aid of racketeering of Victim-9

23  charged in Count Fifteen of this Indictment, the attempted murder in aid of racketeering of

24  Victim-10 charged in Count Sixteen of this Indictment, and the attempted murder in aid of

25  racketeering of Victim-11 charged in Count Seventeen of this Indictment, and did possess,

26  brandish, and discharge a firearm in furtherance of the offenses charged in Counts Ten, Eleven,

27  Twelve, Fourteen, Fifteen, Sixteen, and Seventeen of this Indictment.

28

1    All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

2    <u>COUNT NINETEEN</u>:      (18 U.S.C. §§ 3 and 1959(a)(1) — Accessory After the Fact)

3      60.    From at least on or about December 22, 2010, up through and including in or

4 about September 2011, in the Northern District of California and elsewhere, the defendants,

5                  MICHAEL ORTIZ, SR., a/k/a "Blackie,"

6                  MICHAEL ORTIZ, JR., a/k/a "Vicious"

7                  ARMANDO ACOSTA, a/k/a "Savage,"

8                      LOUIS RODRIGUEZ,

9              TANYA RODRIGUEZ, a/k/a "La China," and

10                       BETTY ORTIZ,

11 and others known and unknown, knowing that an offense against the United States had been

12 committed, to wit, the December 22, 2010 Eighth Lane murders and attempted murders in aid of

13 racketeering, in violation of Title 18, United States Code, Section 1959(a)(1) and (a)(5), as

14 charged in Counts Ten, Eleven, Twelve, Fourteen, Fifteen, Sixteen, and Seventeen of this

15 Indictment, did receive, comfort, and assist the offenders, JOSEPH ORTIZ, VICTOR FLORES,

16 JUSTIN WHIPPLE, and BENJAMIN CAMPOS-GONZALEZ in order to hinder and prevent the

17 offenders' apprehension, trial, and punishment.

18      All in violation of Title 18, United States Code, Section 3.

19    <u>COUNT TWENTY</u>:      (18 U.S.C. § 371 — Conspiracy to Obstruct Justice)

20      61.    From at least on or about December 22, 2010, up through and including in or

21 about September 2011, in the Northern District of California and elsewhere, the defendants,

22                  JOSEPH ORTIZ, a/k/a "Little Vicious,"

23                  MICHAEL ORTIZ, SR., a/k/a "Blackie,"

24                  MICHAEL ORTIZ, JR.,a/k/a "Vicious"

25                     ARMANDO ACOSTA

26                      LOUIS RODRIGUEZ,

27             TANYA RODRIGUEZ, a/k/a "La China," and

28

1                     BETTY ORTIZ,

2 and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire,

3 confederate, and agree together and with each other to commit an offense against the United

4 States, to wit, to violate Title 18, United States Code, Section 1512(c)(2).

5      62.    It was a part and an object of the conspiracy that the defendants,

6             JOSEPH ORTIZ, a/k/a "Little Vicious,"

7             MICHAEL ORTIZ, JR., a/k/a "Vicious"

8             MICHAEL ORTIZ, SR., a/k/a "Blackie,"

9             ARMANDO ACOSTA, a/k/a "Savage,"

10             LOUIS RODRIGUEZ,

11       TANYA RODRIGUEZ a/k/a "La China," and

12                BETTY ORTIZ,

13 and their co-conspirators, unlawfully, willfully, and knowingly, would and did corruptly obstruct,

14 influence, and impede an official proceeding, in violation of Title 18, United States Code,

15 Section 1512(c)(2).

16                   Overt Acts

17      63.    In furtherance of the conspiracy and to effect the illegal object thereof, the

18 following overt acts, among others, were committed in the Northern District of California and

19 elsewhere:

20      a.    On or about December 22, 2010, in San Mateo, California, MICHAEL

21 ORTIZ, JR., cleaned a car driven by JOSEPH ORTIZ.

22      b.    On or about December 22, 2010, in San Mateo, California, LOUIS

23 RODRIGUEZ helped wash firearms.

24      c.    On or about December 23, 2010, MICHAEL ORTIZ, SR., drove JOSEPH

25 ORTIZ out of San Mateo, California.

26      d.    On or about February 26, 2011, in San Mateo, California, BETTY ORTIZ

27 sent money via Western Union to Mexico.

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI         -23-

e. In or about June 2011, in San Mateo, California, TANYA RODRIGUEZ, questioned a witness (the "Witness") about the Witness's interactions with law enforcement.

f. In or about June 2011, BETTY ORTIZ drove the Witness from San Mateo, California, to Mexico.

All in violation of Title 18, United States Code, Section 371.

<u>COUNT TWENTY-ONE</u>: (18 U.S.C. §§ 1512(c)(2) and 2— Obstruction of Justice)

64. From at least on or about December 22, 2010, up through and including in or about September 2011, in the Northern District of California and elsewhere, the defendants,

JOSEPH ORTIZ, a/k/a "Little Vicious,"

MICHAEL ORTIZ, JR.,a/k/a "Vicious"

MICHAEL ORTIZ, SR., a/k/a "Blackie,"

ARMANDO ACOSTA, a/k/a "Savage,"

LOUIS RODRIGUEZ,

TANYA RODRIGUEZ, a/k/a "La China," and

BETTY ORTIZ,

and others known and unknown, unlawfully, willfully, and knowingly, did corruptly obstruct, influence, and impede an official proceeding, to wit, the defendants corruptly obstructed and impeded a federal grand jury investigation relating to the December 22, 2010 Eighth Lane shootings.

All in violation of Tile 18, United States Code, Sections 1512(c)(2) and 2.

<u>COUNT TWENTY-TWO</u>: (18 U.S.C. §§ 1519 and 2 – Concealment of Object to Obstruct Investigation)

65. On or about December 22, 2010, in the Northern District of California, the defendants,

JOSEPH ORTIZ, a/k/a "Little Vicious,"

ARMANDO ACOSTA, a/k/a "Savage,"

MICHAEL ORTIZ, SR., and

1                       LOUIS RODRIGUEZ,

2 unlawfully, intentionally, and knowingly did alter, destroy, mutilate, and conceal a tangible

3 object with the intent to impede, obstruct, and influence the investigation of a matter within the

4 jurisdiction of a department and agency of the United States, to wit, the defendants washed,

5 concealed, and disposed of firearms and thereby impeded an investigation of the December 22,

6 2010 Eighth Lane shootings, which was within the jurisdiction of the United States Department

7 of Homeland Security and the United States Department of Justice.

8        All in violation of Title 18, United States Code, Sections 1519 and 2.

9 <u>COUNT TWENTY-THREE</u>: (18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting

10                       Interstate Commerce)

11       66.     In or about April 2010, in the Northern District of California, the defendants,

12                JOSEPH ORTIZ, a/k/a "Little Vicious," and

13             BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

14 and others known and unknown, unlawfully, willfully, and intentionally did combine, conspire,

15 confederate, and agree together and with each other to commit robbery, as that term is defined in

16 Title 18, United States Code, Section 1951(b)(1), and thereby would obstruct, delay, and affect

17 commerce and the movement of articles and commodities in commerce.

18        All in violation of Title 18, United States Code, Section 1951(a).

19 <u>COUNT TWENTY-FOUR</u>:   (18 U.S.C. §§ 1951(a) and 2 — Robbery Affecting Interstate

20                       Commerce)

21       67.     On or about April 5, 2010, in the Northern District of California, the defendants,

22                JOSEPH ORTIZ, a/k/a "Little Vicious," and

23             BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

24 and others known and unknown, unlawfully, willfully, and knowingly did obstruct, delay, and

25 affect commerce and the movement of articles and commodities in commerce by robbery, as that

26 term is defined in Title 18, United States Code, Section 1951(b)(1).

27        All in violation of Title 18, United States Code, Sections 1951(a) and 2.

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                   -25-

1  COUNT TWENTY-FIVE:     (18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in

2  Furtherance of a Crime of Violence)

3  68.    On or about April 5, 2010, in the Northern District of California, the defendants,

4  JOSEPH ORTIZ, a/k/a "Little Vicious," and

5  BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

6  and others known and unknown, unlawfully, willfully, and knowingly did use and carry a firearm

7  during and in relation to a crime of violence for which they may be prosecuted in a court of the

8  United States, namely, the conspiracy to commit robbery affecting commerce charged in Count

9  Twenty-Three of this Indictment and the robbery affecting commerce charged in Count Twenty-

10  Four of this Indictment, and did possess and brandish a firearm in furtherance of the offenses

11  charged in Counts Twenty-Three and Twenty-Four of this Indictment.

12       All in violation of Title 18, United States Code, Sections 924(c) and 2.

13  COUNT TWENTY-SIX:     (18 U.S.C. §§ 1951(a) and 2 — Robbery Affecting Interstate

14  Commerce)

15  69.    On or about April 10, 2010, in the Northern District of California, the defendants,

16  JOSEPH ORTIZ, a/k/a "Little Vicious," and

17  BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

18  and others known and unknown, unlawfully, willfully, and knowingly did obstruct, delay, and

19  affect commerce and the movement of articles and commodities in commerce by robbery, as that

20  term is defined in Title 18, United States Code, Section 1951(b)(1).

21       All in violation of Title 18, United States Code, Sections 1951(a) and 2.

22  COUNT TWENTY-SEVEN: (18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in

23  Furtherance of a Crime of Violence)

24  70.    On or about April 10, 2010, in the Northern District of California, the defendants,

25  JOSEPH ORTIZ, a/k/a "Little Vicious," and

26  BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

27  and others known and unknown, unlawfully, willfully, and knowingly did use and carry a firearm

28

1  during and in relation to a crime of violence for which they may be prosecuted in a court of the

2  United States, namely, the conspiracy to commit robbery affecting commerce charged in Count

3  Twenty-Three of this Indictment and the robbery affecting commerce charged in Count Twenty-

4  Six of this Indictment, and did possess and brandish a firearm in furtherance of the offenses

5  charged in Counts Twenty-Three and Twenty-Six of this Indictment.

6       All in violation of Title 18, United States Code, Sections 924(c) and 2.

7  <u>COUNT TWENTY-EIGHT</u>:  (18 U.S.C. § 1951(a) — Robbery Affecting Interstate Commerce)

8       71.    On or about February 17, 2012, in the Northern District of California, the

9  defendant,

10                   PETER DAVIS, a/k/a "P-Nasty,"

11 unlawfully, willfully, and knowingly did obstruct, delay, and affect commerce and the movement

12 of articles and commodities in commerce by robbery, as that term is defined in Title 18, United

13 States Code, Section 1951(b)(1).

14      All in violation of Title 18, United States Code, Section 1951(a).

15 <u>COUNT TWENTY-NINE</u>:   (18 U.S.C. § 924(c) – Possession of a Firearm in Furtherance of a

16                        Crime of Violence)

17      72.    On or about February 17, 2012, in the Northern District of California, the

18 defendant,

19                   PETER DAVIS, a/k/a "P-Nasty,"

20 unlawfully, willfully, and knowingly did use and carry a firearm during and in relation to a crime

21 of violence for which he may be prosecuted in a court of the United States, namely, the robbery

22 affecting commerce charged in Count Twenty-Eight of this Indictment, and did possess and

23 brandish a firearm in furtherance of the offense charged in Count Twenty-Eight of this

24 Indictment.

25      All in violation of Title 18, United States Code, Section 924(c).

26 //

27 //

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                     -27-

NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE

Number 1: Conspiracy to Commit Murder

73.     Beginning on a date unknown to the Grand Jury but since at least the mid-2000s, and continuing up through and including the present, in the Northern District of California, the defendants,

(1) JOSEPH ORTIZ, a/k/a "Little Vicious,"

(2) VICTOR FLORES, a/k/a "Little Creeper,"

(3) JUSTIN WHIPPLE, a/k/a "Teddy,"

(4) BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

(5) MICHAEL ORTIZ, JR., a/k/a "Vicious,"

(6) MICHAEL ORTIZ, SR., a/k/a "Blackie,"

(7) ARMANDO ACOSTA, a/k/a "Savage,"

(8) GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"

(9) RAYMOND HEMBRY, a/k/a "Tear Drop,"

(10) JAMES HEMBRY, a/k/a "Pimpy,"

(11) RICHARD MARTINEZ, a/k/a "Maniac,"

(12) RODRIGO AGUAYO, a/k/a "Ayo,"

(13) GREGORIO GUZMAN, a/k/a "Rhino,"

(14) MARIO BERGREN, a/k/a "Fat Boy,"

(15) ANDREW BRYANT, a/k/a "Andy," and

(16) PETER DAVIS, a/k/a "P-Nasty,"

together with others known and unknown, unlawfully, knowingly, and intentionally did conspire to commit murder, in violation of California Penal Code Sections 187, 188, 189, and 182, to wit, the defendants agreed together and with each other to kill, with malice aforethought, actual and suspected members of rival gangs, individuals suspected of cooperating with law enforcement, and individuals who defied the will of the 500 Block/C Street Gang.

Number 2:  JOSEPH ORTIZ - Attempted First Degree Murder of Victim-1

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                          -28-

74.     On or about December 18, 2010, in the Northern District of California, the defendant,

JOSEPH ORTIZ, a/k/a "Little Vicious,"

unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with malice aforethought, Victim-1, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

Number 3:  JOSEPH ORTIZ — Attempted First Degree Murder of Victim-2

75.     On or about December 18, 2010, in the Northern District of California, the defendant,

JOSEPH ORTIZ, a/k/a "Little Vicious,"

unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with malice aforethought, Victim-2, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

Number 4:  JOSEPH ORTIZ — Attempted First Degree Murder of Victim-3

76.     On or about December 18, 2010, in the Northern District of California, the defendant,

JOSEPH ORTIZ, a/k/a "Little Vicious,"

unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with malice aforethought, Victim-3, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

Number 5:  JOSEPH ORTIZ — Attempted First Degree Murder of Victim-4

77.     On or about December 18, 2010, in the Northern District of California, the defendant,

JOSEPH ORTIZ, a/k/a "Little Vicious,"

unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with malice aforethought, Victim-4, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

1    Number 6: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND BENJAMIN

2    CAMPOS-GONZALEZ — Murder of Victim-5

3        78.    On or about December 22, 2010, in the Northern District of California, the

4    defendants,

5                        JOSEPH ORTIZ, a/k/a "Little Vicious,"

6                        VICTOR FLORES, a/k/a "Little Creeper,"

7                        JUSTIN WHIPPLE, a/k/a "Teddy," and

8                  BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

9    unlawfully, willfully, and intentionally, did kill, with malice aforethought, Victim-5, in violation

10   of California Penal Code Sections 187, 188, and 189.

11       Number 7: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND BENJAMIN

12   CAMPOS-GONZALEZ — Murder of Victim-6

13       79.    On or about December 22, 2010, in the Northern District of California, the

14   defendants,

15                        JOSEPH ORTIZ, a/k/a "Little Vicious,"

16                        VICTOR FLORES, a/k/a "Little Creeper,"

17                        JUSTIN WHIPPLE, a/k/a "Teddy," and

18                  BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

19   unlawfully, willfully, and intentionally, did kill, with malice aforethought, Victim-6, in violation

20   of California Penal Code Sections 187, 188, and 189.

21       Number 8: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND BENJAMIN

22   CAMPOS-GONZALEZ — Murder of Victim-7

23       80.    On or about December 22, 2010, in the Northern District of California, the

24   defendants,

25                        JOSEPH ORTIZ, a/k/a "Little Vicious,"

26                        VICTOR FLORES, a/k/a "Little Creeper,"

27                        JUSTIN WHIPPLE, a/k/a "Teddy," and

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                              -30-

1                         BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

2 unlawfully, willfully, and intentionally, did kill, with malice aforethought, Victim-7, in violation

3 of California Penal Code Sections 187, 188, and 189.

4         Number 9: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND BENJAMIN

5 CAMPOS-GONZALEZ — Attempted First Degree Murder of Victim-8

6         81.     On or about December 22, 2010, in the Northern District of California, the

7 defendants,

8                         JOSEPH ORTIZ, a/k/a "Little Vicious,"

9                         VICTOR FLORES, a/k/a "Little Creeper,"

10                         JUSTIN WHIPPLE, a/k/a "Teddy," and

11                  BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

12 unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

13 kill, with malice aforethought, Victim-8, in violation of California Penal Code Sections 187, 188,

14 189, 21a, and 664.

15         Number 10: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND

16 BENJAMIN CAMPOS-GONZALEZ — Attempted First Degree Murder of Victim-9

17         82.     On or about December 22, 2010, in the Northern District of California, the

18 defendants,

19                         JOSEPH ORTIZ, a/k/a "Little Vicious,"

20                         VICTOR FLORES, a/k/a "Little Creeper,"

21                         JUSTIN WHIPPLE, a/k/a "Teddy," and

22                  BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

23 unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

24 kill, with malice aforethought, Victim-9, in violation of California Penal Code Sections 187, 188,

25 189, 21a, and 664.

26         Number 11: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND

27 BENJAMIN CAMPOS-GONZALEZ — Attempted First Degree Murder of Victim-10

28

1   83.   On or about December 22, 2010, in the Northern District of California, the

2   defendants,

3                          JOSEPH ORTIZ, a/k/a "Little Vicious,"

4                          VICTOR FLORES, a/k/a "Little Creeper,"

5                          JUSTIN WHIPPLE, a/k/a "Teddy," and

6                          BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

7   unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

8   kill, with malice aforethought, Victim-10, in violation of California Penal Code Sections 187,

9   188, 189, 21a, and 664.

10   Number 12: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND

11   BENJAMIN CAMPOS-GONZALEZ — Attempted First Degree Murder of Victim-11

12   84.   On or about December 22, 2010, in the Northern District of California, the

13   defendants,

14                          JOSEPH ORTIZ, a/k/a "Little Vicious,"

15                          VICTOR FLORES, a/k/a "Little Creeper,"

16                          JUSTIN WHIPPLE, a/k/a "Teddy," and

17                          BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

18   unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

19   kill, with malice aforethought, Victim-11, in violation of California Penal Code Sections 187,

20   188, 189, 21a, and 664.

21   NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT JOSEPH ORTIZ

22   85.   The allegations of Count Ten, Count Eleven, Count Twelve, and Count Thirteen

23   of this Indictment are realleged and incorporated by reference as though fully set forth herein.

24   86.   As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this

25   Indictment, the defendant JOSEPH ORTIZ, a/k/a "Little Vicious":

26        (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §

27   3591(a));

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                          -32-

1    (2) intentionally killed the victim named in the respective capital count (18 U.S.C.
2    § 3591(a)(2)(A));

3    (3) intentionally inflicted serious bodily injury that resulted in the death of the
4    victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

5    (4) intentionally participated in one or more acts, contemplating that the life of a
6    person would be taken or intending that lethal force would be used in connection with a person,
7    other than a participant in the offense, and the victim named in the respective capital count died
8    as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

9    (5) intentionally and specifically engaged in one or more acts of violence,
10   knowing that the act or acts created a grave risk of death to a person, other than a participant in
11   the offense, such that participation in such act or acts constituted a reckless disregard for human
12   life, and the victim named in the respective capital count died as a direct result of such act or acts
13   (18 U.S.C. § 3591(a)(2)(D)).

14   87.    As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this
15   Indictment, the defendant JOSEPH ORTIZ, a/k/a "Little Vicious," in the commission of the
16   offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to
17   one or more persons in addition to the victim of the offense named in the respective capital count
18   (18 U.S.C. § 3592(c)(5)).

19   88.    As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this
20   Indictment, the defendant JOSEPH ORTIZ, a/k/a "Little Vicious," committed the offense after
21   substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

22   89.    As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this
23   Indictment, the defendant JOSEPH ORTIZ, a/k/a "Little Vicious," intentionally killed or
24   attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

25   NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT VICTOR FLORES

26   90.    The allegations of Count Ten, Count Eleven, Count Twelve, and Count Thirteen
27   of this Indictment are realleged and incorporated by reference as though fully set forth herein.

28

91.     As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this Indictment, the defendant VICTOR FLORES, a/k/a "Little Creeper":

(1) was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

(2) intentionally killed the victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(A));

(3) intentionally inflicted serious bodily injury that resulted in the death of the victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

(4) intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim named in the respective capital count died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

(5) intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than a participant in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and the victim named in the respective capital count died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D)).

92.     As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this Indictment, the defendant VICTOR FLORES, a/k/a "Little Creeper," in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense named in the respective capital count (18 U.S.C. § 3592(c)(5)).

93.     As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this Indictment, the defendant VICTOR FLORES, a/k/a "Little Creeper," committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

94.     As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this Indictment, the defendant VICTOR FLORES, a/k/a "Little Creeper," intentionally killed or

1  attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

2  NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT JUSTIN WHIPPLE

3      95.     The allegations of Count Ten, Count Eleven, Count Twelve, and Count Thirteen

4  of this Indictment are realleged and incorporated by reference as though fully set forth herein.

5      96.     As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this

6  Indictment, the defendant JUSTIN WHIPPLE, a/k/a "Teddy":

7          (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §

8  3591(a));

9          (2) intentionally killed the victim named in the respective capital count (18 U.S.C.

10  § 3591(a)(2)(A));

11         (3) intentionally inflicted serious bodily injury that resulted in the death of the

12  victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

13         (4) intentionally participated in one or more acts, contemplating that the life of a

14  person would be taken or intending that lethal force would be used in connection with a person,

15  other than a participant in the offense, and the victim named in the respective capital count died

16  as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

17         (5) intentionally and specifically engaged in one or more acts of violence,

18  knowing that the act or acts created a grave risk of death to a person, other than a participant in

19  the offense, such that participation in such act or acts constituted a reckless disregard for human

20  life, and the victim named in the respective capital count died as a direct result of such act or acts

21  (18 U.S.C. § 3591(a)(2)(D)).

22     97.     As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this

23  Indictment, the defendant JUSTIN WHIPPLE, a/k/a "Teddy," in the commission of the offense,

24  or in escaping apprehension for the offense, knowingly created a grave risk of death to one or

25  more persons in addition to the victim of the offense named in the respective capital count (18

26  U.S.C. § 3592(c)(5)).

27     98.     As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                    -35-

1   Indictment, the defendant JUSTIN WHIPPLE, a/k/a "Teddy," committed the offense after

2   substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

3       99.   As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this

4   Indictment, the defendant JUSTIN WHIPPLE, a/k/a "Teddy," intentionally killed or attempted to

5   kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

6   NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT BENJAMIN CAMPOS-

7   GONZALEZ

8       100.   The allegations of Count Ten, Count Eleven, Count Twelve, and Count Thirteen

9   of this Indictment are realleged and incorporated by reference as though fully set forth herein.

10      101.   As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this

11  Indictment, the defendant BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG":

12          (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §

13  3591(a));

14          (2) intentionally killed the victim named in the respective capital count (18 U.S.C.

15  § 3591(a)(2)(A));

16          (3) intentionally inflicted serious bodily injury that resulted in the death of the

17  victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

18          (4) intentionally participated in one or more acts, contemplating that the life of a

19  person would be taken or intending that lethal force would be used in connection with a person,

20  other than a participant in the offense, and the victim named in the respective capital count died

21  as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

22          (5) intentionally and specifically engaged in one or more acts of violence,

23  knowing that the act or acts created a grave risk of death to a person, other than a participant in

24  the offense, such that participation in such act or acts constituted a reckless disregard for human

25  life, and the victim named in the respective capital count died as a direct result of such act or acts

26  (18 U.S.C. § 3591(a)(2)(D)).

27      102.   As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this

28

FIRST SUPERSEDING INDICTMENT
CR 12-0119-SI                        -36-

1    Indictment, the defendant BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG", in the commission

2    of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of

3    death to one or more persons in addition to the victim of the offense named in the respective

4    capital count (18 U.S.C. § 3592(c)(5)).

5       103.   As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this

6    Indictment, the defendant BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG", committed the

7    offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. §

8    3592(c)(9)).

9       104.   As to Count Ten, Count Eleven, Count Twelve, and Count Thirteen of this

10   Indictment, the defendant BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG", intentionally killed

11   or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

12

13   DATED: April **24**, 2012          A TRUE BILL

14

15

16                              FOREPERSON

17   MELINDA HAAG
    United States Attorney

18

19

20   MIRANDA KANE
    Chief, Criminal Division

21

22

23   (Approved as to form:                 )

24             ACADIA L. SENESE
            W.S. WILSON LEUNG
            Assistant United States Attorneys

25

26

27

28