DAVID L. ANDERSEN (S.B. NO. 50010)
ANDERSEN & ZIMMER
385 GRAND AVENUE, SUITE 300
OAKLAND, CA 94610
(510)835-4952 FAX (510)835-4958

RICHARD TAMOR (S.B. No. 176529)
TAMOR & TAMOR
345 FRANKLIN STREET 3rd Floor
SAN FRANCISCO, CA 94102
(415) 655-1969, FAX: (415) 887-7658

ATTORNEYS FOR JUSTIN WHIPPLE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>JOSEPH ORTIZ, et al.<br><br>　　　　　Defendant(s). | Action No.　CR 12-0119 SI<br><br>**DEFENDANT JUSTIN WHIPPLE'S REPLY TO GOVERNMENT OPPOSITION TO MOTION FOR DISCOVERY**<br><br>Date:　　August 3, 2012<br>Time:　　11:30 a.m.<br>Court:　　Hon. Susan Illston |

**INTRODUCTION:**

JUSTIN WHIPPLE joins the arguments made by counsel for Mr. Flores and Mr. Ortiz. He submits this reply to emphasize the extent of the discretion conferred on this Court by *Untied States v. W.R. Grace*, 526 F.3rd 499 (9th Cir. 2008).

By any standard the matter before the Court is extraordinarily complex. There are nineteen (19) defendants who are alleged to have committed twenty nine (29) felonies. These offenses run from first degree murder to harboring a fugitive. The first count of the indictment alleges a RICO conspiracy. That conspiracy is alleged to have been in existence for years. The Government has disclosed that the investigation of the offense involved the use of at least two wiretaps. Managing this case will present an enormous challenge for this Court as well as for the attorneys involved.

The defendants who are charged with capital offenses have asked this Court to order the

ANDERSEN & ZIMMER
385 GRAND AVE. SUITE 300
OAKLAND, CA 94610
(510)835-4952

Defendant Whipple's Reply
United States v. Joseph Ortiz, et al. CR 12-0119 SI

- 1 -

1 disclosure of information. They believe this information is necessary for effective preparation, including preparation for the authorization process. That process will determine if the Government will seek the death penalty. The Government argues that simply because the death penalty is involved, these defendants have no greater rights to discovery than any other defendant. (Doc 213, pg. 2: 5-6.) However, the Government cannot deny that should the Government seek the death penalty, the level of complexity of this case will be escalated beyond even its current high level. Accordingly, giving these defendants a fair opportunity to attempt to convince the Government that death is inappropriate will have a profound impact this matter's complexity.

The prosecution also argues that Rule 16, and other provisions, preclude the discovery which these defendant's seek. With few exceptions, the Government is incorrect. The provisions upon which the Government relies require the production of discovery under certain circumstances, but they do not preclude this Court from ordering discovery beyond the bare minimum. The power to order more flows from this Court's inherent authority to manage its docket, and its obligation to ensure the fair administration of justice.

**I.
THIS COURT SHOULD EXERCISE ITS DISCRETION
TO ORDER THE DISCOVERY REQUESTED**

A problem that has confronted Federal District Courts attempting to manage mega-criminal cases is that Federal criminal discovery requires only minimal discovery from the prosecution, and then only late in the proceedings. This seriously impacts the defendant's ability to prepare, but also impacts the court's ability to effectively manage its calendar. Legitimate defense requests for continuances following the receipt of critical information results in costly and lengthy delays. Moreover, even somewhat early voluntary disclosure by the government is a problem where the amount of the information overwhelms the defense. Consistent with the constitutional obligation to provide effective representation, the defense must review and analyze each and every piece of discovery. Moreover, the defense has an obligation to investigate each and every aspect of the government's case, rather than simply accept the Government's representations on face value. That obligation is particularly strong in capital cases. To do

ANDERSEN & ZIMMER
385 GRAND AVE. SUITE 300
OAKLAND, CA 94610
(510)835-4952

Defendant Whipple's Reply
United States v. Joseph Ortiz, et al. CR 12-0119 SI

- 2 -

otherwise would fail to meet even the minimal standards of effective representation promulgated by the American Bar Association and endorsed by the Federal courts.

This is a time consuming and costly process. In the vast majority of the mega-cases, the defense is funded at public expense under the Criminal Justice Act. This cost is something the trial court must assist in managing.

This case is a perfect example. The number of defendants is large. The number of events to be litigated is large, and at this point has yet to be defined. These events occurred over a number of years. The amount of investigation required will be daunting.

*Untied States v. W.R. Grace*, 526 F.3rd 499 (9th Cir. 2008), involved the criminal prosecution of a vermiculite ore mining and processing company related to its improper disposal of asbestos-contaminated vermiculite. The case was massive, with a relevant time period spanning nearly 30 years, and potentially more than a thousand victims. *Id.* At 503. Approximately a year and a half before a "firm" trial date, the District Court issued a case management order requiring the government to, among other things, produce a "'finalized list of witnesses and trial exhibits'" by a date that was almost a year before the trial date. *Id.* The order included a specific requirement that the government disclose its expert witnesses, and an additional requirement that the expert reports provided were "'complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.'" *Id.* The government first complied with that order and, after a subsequent status conference, the District Court entered another order more than ten months before the trial date limiting the government in its case-in-chief to those witnesses it had disclosed to that point. *Id.* at 503-504.

It was at this point that the government's cooperation ceased. The government filed an interlocutory appeal challenging both the original case management order requiring disclosure and the ultimate "enforcement" orders. *Id.* at 504. The government's contentions were that the District Court did not have "authority to require or enforce a finalized pretrial list of witnesses and trial exhibits, and argues that, even if authorized, the enforcement orders were an abuse of the court's discretion." *Id.* The three-judge panel assigned to hear the case agreed with the government's contentions under the authority of *United States v. Hicks*, 103 F.3d 837 (9th Cir

ANDERSEN & ZIMMER
385 GRAND AVE. SUITE 300
OAKLAND, CA 94610
(510)835-4952

Defendant Whipple's Reply
United States v. Joseph Ortiz, et al. CR 12-0119 SI

- 3 -

1996) The Ninth Circuit then heard the case *en banc*. It held that the District Court did have the authority to issue the orders and did not abuse its discretion. In doing so, the Ninth Circuit reversed *Hicks* "to the extent that it purported to deny the district court such authority." *Grace* at 503. Its reasoning in this part of its opinion is instructive here.[1]

As the Ninth Circuit framed it, the positions of the parties were straightforward:

> The government advances several arguments why the challenged pretrial orders are flawed: First, the district court lacked the authority to require in its March 2005 order that the government provide a pretrial witness list; second, even if the court had such authority, it could not require a final list, especially a year before trial; finally, the exclusionary effect of the enforcement orders was an inappropriate sanction. In response, the defendants argue that the district court had authority to order witness lists and acted within its discretion in enforcing its orders. We agree with the defendants. *Id.* at 508.

The Ninth Circuit's reason for agreeing with the defendants was equally straightforward:

> We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly. *Id.* at 508-09

The Ninth Circuit went on to state:

> The district court's March 2005 pretrial order and the enforcement orders fit comfortably within the court's authority under Federal Rules of Criminal Procedure 2 and 16, and its more general inherent authority to manage its docket. Although our decision in *United States v. Hicks,* 103 F.3d 837 (9th Cir.1996), would suggest otherwise, we disapprove of *Hicks'* reasoning and overrule it to the extent that it conflicts with our decision today. Rather, we align ourselves with the other circuit courts that, although not all relying on a uniform source of authority, widely agree that a witness disclosure order directed to the government is within the district court's discretion to impose and enforce. *Id.* at 509.

It is clear from the Ninth Circuit's discussion of its reasons for reaching this conclusion that the District Court's authority to issue orders requiring the government to disclose information is not limited to witness lists.

The Ninth Circuit first noted that the other circuit courts that it was joining had in effect advanced two sources of authority for such discovery orders. The first was premised on the

---

[1] The first portion of the opinion is concerned with the requirements that must be met before an interlocutory appeal can be taken by the government

ANDERSEN & ZIMMER
385 GRAND AVE. SUITE 300
OAKLAND, CA 94610
(510)835-4952

Defendant Whipple's Reply
United States v. Joseph Ortiz, et al. CR 12-0119 SI

- 4 -

several inherent powers of the District Courts that authorized the issuance of discovery orders even in the absence of an express statute or rule: the "well established" principle that court's have "inherent power to control their dockets;" a judge's "substantial" discretion over what happens inside the courtroom; the courts "inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders;" and, a district court's "inherent power, exercisable under appropriate circumstances, to assure the proper and orderly administration of criminal justice;" *Id.* [Internal citations and quotation marks omitted.] The second was what the Ninth Circuit referred to as a "rule-based approach."[2] *Id.* at 510

Under this approach, other circuits have pointed to the fact that Rule 16 of the Federal Rules of Criminal Procedure addresses the kinds of discovery that the government and the defense are obligated to provide one another. As those opinions have pointed out, there is nothing in the rule that prohibits district courts from entering additional discovery orders that are not inconsistent with the mandatory discovery requirements of Rule 16. And, Rule 16(d)(2) grants the court broad authority to enforce "this rule," by any order "that is just under the circumstances." In addition, Rule 2 instructs that the Federal Rules of Criminal Procedure "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Thus, "[a]lthough Rule 16 does not expressly mandate the disclosure of *nonexpert* witnesses, it is not inconsistent with Rule 16 and Rule 2 for a court to order the government to produce a list of such witnesses as a matter of its discretion." *Id.* The Ninth Circuit did not explicitly choose between these two approaches:

> As noted earlier, some courts have found an affirmative grant of authority to order the pretrial disclosure of all of the government's proposed witnesses in Rule 16's enforcement provisions (sometimes also invoking Rule 2). In doing so, these decisions have elided the language of Rule 16(d)(1) and (2) that appears to focus on enforcing the mandatory disclosure provisions of Rule 16 itself. We do not, however, have to resolve whether Rule 16 alone or in combination with Rule 2 provides sufficient authority for the district court's orders regarding nonexpert witnesses. At the very least these rules do not preclude such orders. Further, they

---

[2] In its opinion the Ninth Circuit said that it was "first" examining this approach. *Grace* at 510. However, the court had clearly first examined the, if you will, "inherent powers" approach.

ANDERSEN & ZIMMER
385 GRAND AVE. SUITE 300
OAKLAND, CA 94610
(510)835-4952

Defendant Whipple's Reply
United States v. Joseph Ortiz, et al. CR 12-0119 SI

- 5 -

reinforce the logic and fairness of requiring the government to produce a pretrial witness list of both experts and nonexperts (subject to appropriate conditions) so that the parties-and the district court-may be adequately prepared for trial. That is the essential premise of the court's inherent power to manage its cases to ensure the fair and effective administration of the criminal justice system. *See United States v. Richter,* 488 F.2d 170, 173-74 (9th Cir.1973) ("It is recognized that wide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice.... It would be ill-advised to limit improvidently this inherent power for fear of misuse."). [*Grace* at 511-512, footnote omitted.]

**CONCLUSION:**

The capital defendants are asking this court to, in essence, require the government to provide greater discovery than is mandated by Rule 16.. While such an order is broader than the specific order at issue in *Grace*, the principles discussed in *Grace* clearly establish the authority of this Court to issue it. The capital defendants are simply requesting this Court to exercise its inherent powers to issue a discovery order that allows them to be adequately prepared for authorization proceedings and for trial. Just as importantly, it allows them to do so in a manner that is both time and cost efficient for the defense, and may well save substantial court and judicial resources. Such an order is clearly within this court's inherent power to manage its cases to ensure the fair and effective administration of the criminal justice system.

DATED: July 27, 2012

                                            Respectfully Submitted,

                                        /s/ David L. Andersen
                                          David L. Andersen
                                          Richard Tamor
                                          Attorneys for JUSTIN WHIPPLE

ANDERSEN & ZIMMER
385 GRAND AVE. SUITE 300
OAKLAND, CA 94610
(510)835-4952

Defendant Whipple's Reply
United States v. Joseph Ortiz, et al. CR 12-0119 SI

- 6 -