1  MELINDA HAAG (CABN 132612)
   United States Attorney

2

3

4

5

6

7

8

9

10

11

FILED

2012 JUL 31 PM 1:38

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. D. OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 12  UNITED STATES OF AMERICA,<br><br>13      v.<br><br>14  (1)  JOSEPH ORTIZ,<br>        a/k/a "Little Vicious,"<br>15  (2)  VICTOR FLORES,<br>        a/k/a "Little Creeper,"<br>16  (3)  JUSTIN WHIPPLE,<br>        a/k/a "Teddy,"<br>17  (4)  BENJAMIN CAMPOS-GONZALEZ,<br>        a/k/a "BG,"<br>18  (5)  MICHAEL ORTIZ, JR.,<br>        a/k/a "Vicious,"<br>19  (6)  MICHAEL ORTIZ, SR.,<br>        a/k/a "Blackie,"<br>20  (7)  ARMANDO ACOSTA,<br>        a/k/a "Savage,"<br>21  (8)  GIOVANNI RIMANDO ASCENCIO,<br>        a/k/a "Gio,"<br>22  (9)  RAYMOND HEMBRY,<br>        a/k/a "Tear Drop,"<br>23  (10) JAMES HEMBRY,<br>        a/k/a "Pimpy,"<br>24  (11) RICHARD MARTINEZ,<br>        a/k/a "Maniac,"<br>25  (12) RODRIGO AGUAYO,<br>        a/k/a "Ayo,"<br>26  (13) GREGORIO GUZMAN,<br>        a/k/a "Rhino,"<br>27  (14) MARIO BERGREN,<br>        a/k/a "Fat Boy,"<br>28 | CR 12-0119-SI<br><br>SECOND SUPERSEDING INDICTMENT<br><br><u>VIOLATIONS:</u> 18 U.S.C. § 1962(d) – Racketeering Conspiracy; 18 U.S.C. § 1959 – Violent Crime in Aid of Racketeering; 18 U.S.C. § 924(j) – Use of Firearm Causing Murder; 18 U.S.C. § 924(c) – Use/Possession of Firearm in Furtherance of Crime of Violence; 18 U.S.C. § 1951 – Hobbs Act Robbery/Conspiracy; 18 U.S.C. § 1512(c)(2) – Obstruction of Justice; 18 U.S.C. § 1519 – Concealing Object to Obstruct Investigation; 18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 1114 – Attempted Murder of Federal Agents; 18 U.S.C. § 3 – Accessory After the Fact; 18 U.S.C. § 2 – Aiding & Abetting<br><br>SAN FRANCISCO VENUE |

1   (15) ANDREW BRYANT )
      a/k/a "Andy" )
2   (16) PETER DAVIS, )
      a/k/a "P-Nasty," )
3   (17) LOUIS RODRÍGUEZ, )
  (18) TANYA RODRIGUEZ, )
4       a/k/a "La China," and )
  (19) BETTY ORTIZ, )
5             )
          Defendants. )
6                         )
  _____ )

7

8                    SECOND SUPERSEDING INDICTMENT

9 The Grand Jury charges:

10   COUNT ONE:       (18 U.S.C. § 1962(d) – Racketeering Conspiracy)

11                      Introductory Allegations

12      1.     At all times relevant to this First Superseding Indictment ("this Indictment"),

13 *Nuestra Familia* — Spanish for "Our Family" and also known by the letters "*NF*" — is a prison

14 gang that was formed in the late 1960s in the California State prison system. The rise of *Nuestra*

15 *Familia* is linked to the emergence in the late 1950s of another prison gang called the Mexican

16 Mafia, also known as "*La Eme*." Hispanic inmates in the California State prison system joined

17 together to form what became the Mexican Mafia for protection against other prison gangs as

18 well as to engage in illegal activities for profit. The Mexican Mafia soon became dominated by

19 Mexican and Mexican-American inmates from Southern California, and Hispanic inmates from

20 Northern California perceived that they were marginalized under the dominion of the Mexican

21 Mafia. As a result, Hispanic inmates with roots in Northern California banded together and

22 formed what became *Nuestra Familia* in order to protect themselves and advance their own

23 interests.

24      2.     By the 1970s, *Nuestra Familia* rivaled the power of the Mexican Mafia and other

25 prison gangs in California, and the competition between members and associates of *Nuestra*

26 *Familia* and the Mexican Mafia resulted in violent and often fatal encounters. Similarly, outside

27 of prison, the members and associates of *Nuestra Familia* and the Mexican Mafia competed with

28 each other to control such profitable criminal activities as narcotics trafficking, extortion, and

1 robbery. This competition between the two rivals led to murder, attempted murder, and other
2 acts of violence.

3     3.     *Nuestra Familia* is composed of relatively few full members, who are known as
4 "*carnales*" and who control the gang. Despite being imprisoned and being closely scrutinized by
5 prison officials, *Nuestra Familia carnales* still manage to convey their orders to *NF* members
6 and associates throughout the prison system and outside of prison through a variety of means,
7 including secret notes, called "kites" or "filters," coded letters, and messages conveyed by
8 complicit visitors.

9     4.     *Nuestra Familia carnales* control and direct the activities of others, notably
10 members of various *Norteño* gangs. *Norteños* are gang members who are generally from
11 Northern California, who pledge their allegiance and loyalty to *Nuestra Familia*, and who have
12 been instructed on the rules, rituals, and obligations of *Nuestra Familia*. *Norteños* commit
13 crimes such as narcotics trafficking, robbery, and murder to benefit themselves and *Nuestra*
14 *Familia. Norteños* refer to each other as "*hermanos*" or "*bros*," and new *carnales* are pulled
15 from the ranks of *Norteños* who have proven their loyalty to *Nuestra Familia* by committing
16 crimes for the gang's benefit.

17     5.     Other street gang members who claim general affiliation with *Nuestra Familia*
18 but who have not yet been embraced as "*hermanos*" or *Norteños* are known as "Northerners."
19 Northerners earn promotion to the higher orders under *Nuestra Familia* by proving themselves
20 through the commission of criminal activities benefitting the gang and/or by spending time in jail
21 or prison. Northerners typically engage in street-level drug dealing as well as crimes of violence,
22 including murder and robbery.

23     6.     *Nuestra Familia* organizes its followers on the streets into "regiments," or
24 "crews" who commit crimes for the gang's benefit. A regiment is usually led by a regimental
25 commander who is typically a *carnal* or a high-level *Norteño*. Some *carnales* command more
26 than one *NF* regiment. The rank and file of an *NF* regiment are called "soldiers"and are usually
27 *Norteño*s and Northerners. Among other things, the regimental commander is responsible for
28 overseeing the criminal activities of his regiment.

SECOND SUPERSEDING INDICTMENT     -3-

7.    *Nuestra Familia* and its affiliated gangs have been and continue to be engaged in a fierce and violent gang war with the Mexican Mafia and the Mexican Mafia's affiliated gangs, which are generally called "*Sureño*" or "Southern" gangs. Within the prison system, this rivalry manifests itself in beatings and stabbings, which often result in death. Outside the prison system, the two sides, north and south, fight for control of narcotics trafficking territory as well as control over other crimes. In addition to fighting for control over remunerative illegal activities and using violence and terror for the purpose of enriching themselves, the two sides also engage in violence simply to assert their gang identities. A member or associate of one side is expected to "hunt" — that is, seek out and beat, stab, and shoot — a member or associate of the other side. Similarly, a member or associate of one side is expected to confront and attack any suspected member or associate of the other side he (or, less frequently) she may encounter. Because of this on-going war, many innocent individuals have been hurt or killed as a result of mistaken identity or for being in the wrong place at the wrong time.

8.    Although the primary and deadliest rivalry is between those who follow *Nuestra Familia* versus those who follow the Mexican Mafia, there also exists tension within each side as well. On the streets, despite their common enmity towards *Sureños*, the myriad *Norteño* gangs in Northern California often war among themselves over control of gang territory and criminal activities, as well as over simple gang pride. Internecine violence among *Norteños* and Northerners has caused injury and death to gang members and innocents alike.

### The 500 Block/C Street Gang

9.    The 500 Block gang first appeared in South San Francisco, California, in the early 1990s, when several members of the Cypress Park Locos ("CPL") — an existing *Norteño* gang in South San Francisco — split from CPL due to internal disagreements. Like CPL members, 500 Block members identify themselves as *Norteños*, for instance, by claiming the color red and the number 14, which stands for the fourteenth letter of the alphabet, "N," a symbol for *NF* and *Norteños*. The 500 Block gang claims as its territory the 500 blocks of Baden Avenue, Commercial Avenue, and Railroad Avenue in South San Francisco. The gang's members refer to the gang in writings, graffiti, and tattoos as "Nickel Block" and "Nickel Gang," as well as by

1  other variations on the 500 Block name.

2      10.     The C Street gang first appeared in South San Francisco in the late 1980s and
3  formed in and around the government housing complexes in the 300 and 400 blocks of C Street
4  in South San Francisco. C Street gang members commonly refer to themselves by the names "C
5  Street" or "C Street Mob," and also identify themselves as *Norteños* or Northerners. Along with
6  claiming the 300 and 400 blocks of C Street, the gang's turf also includes the 200 block of C
7  Street and the area of Orange Park in South San Francisco.

8      11.     The territories claimed by the 500 Block gang and the C Street gang are adjacent,
9  and since roughly the mid-2000s, the ties between members of the 500 Block gang and the C
10  Street gang have grown stronger. In addition, members of the 500 Block gang and the C Street
11  gang have become increasingly hostile over the years to members of the larger CPL despite their
12  common *Norteño* affiliation, especially after violent clashes between members of the 500 Block
13  gang and members of CPL. Since the mid-2000s, the 500 Block gang and the C Street gang
14  essentially function as a single, unified association-in-fact enterprise. Their members coordinate
15  their activities and engage in violence together to defend their collective territory against rival
16  *Sureño* gangs, such as the Westborough Park *Sureños* of South San Francisco and the Lomitas
17  Park Locos of San Bruno, California, as well as rival *Norteño* gangs, notably, CPL.

18                          The Racketeering Enterprise

19      12.     The 500 Block/C Street Gang, including its leadership, members, and non-
20  member associates, constituted an "enterprise" as defined in Title 18, United States Code,
21  Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an
22  ongoing organization whose members functioned as a continuing unit for a common purpose of
23  achieving the objectives of the enterprise. The enterprise was engaged in, and its activities
24  affected, interstate and foreign commerce.

25                          Purposes of the Enterprise

26      13.     The purposes of the 500 Block/C Street Gang enterprise included the following:

27          a.      Preserving and protecting the power, territory, reputation, and profits of
28  the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

SECOND SUPERSEDING INDICTMENT              -5-

1          b.      Promoting and enhancing the enterprise and the activities of its members

2 and associates, including, but not limited to, murder, attempted murder, narcotics trafficking,

3 theft of vehicles, robberies, and other criminal activities;

4          c.      Keeping victims, potential victims, and community members in fear of the

5 enterprise and its members and associates through violence and threats of violence;

6          d.      Protecting the gang's members and associates who committed crimes by

7 hindering, obstructing, and preventing law enforcement officers from identifying the offenders,

8 apprehending the offenders, and successfully prosecuting and punishing the offenders;

9          e.      Providing assistance to and working with allied gangs against their

10 common enemies, such as members of CPL and *Sureño* gangs.

11 The Defendants

12      14.     The defendant, JOSEPH ORTIZ, a/k/a "Little Vicious," has been a member of the

13 500 Block gang since at least in or about 2001, when he was approximately 11 years old. By in

14 or about 2008, JOSEPH ORTIZ was one of the ranking members on the 500 Block side of the

15 500 Block/C Street Gang. The defendants, VICTOR FLORES, a/k/a "Little Creeper," JUSTIN

16 WHIPPLE, a/k/a "Teddy," and BENJAMIN CAMPOS-GUTIERREZ, a/k/a "BG," have all been

17 members of the C Street gang since at least in or about 2009. Among other activities taken in

18 furtherance of the 500 Block/C Street Gang, on or about December 22, 2010, in the vicinity of

19 Eighth Lane and Linden Avenue in South San Francisco, JOSEPH ORTIZ, FLORES, and

20 WHIPPLE, aided by CAMPOS-GUTIERREZ, who served as their driver, shot at seven

21 individuals who they believed were rival gang members, hitting six of the individuals and killing

22 three of them.

23      15.     The defendant, MICHAEL ORTIZ, JR., a/k/a "Vicious," is the older brother of

24 JOSEPH ORTIZ, and has been a member of the 500 Block gang since at least in or about 2001.

25 In or about late 2008, he was "jumped out" of the gang because he had become distracted by drug

26 use. Despite being jumped out, however, MICHAEL ORTIZ, JR., continued to associate with

27 members of the 500 Block/C Street Gang, and by 2010, sought formally to rejoin the 500 Block

28 gang. Among other activities taken in furtherance of the 500 Block/C Street Gang, MICHAEL

1  ORTIZ, JR., in late 2008 tried to shoot a 500 Block gang member who had dropped out of the

2  gang, and on or about December 22, 2010, following the fatal shooting on Eighth Lane

3  referenced above, tampered with evidence of the shooting.

4      16.     The defendant, MICHAEL ORTIZ, SR., a/k/a "Blackie," is the father of JOSEPH

5  ORTIZ and MICHAEL ORTIZ, JR., and was one of the original members of the C Street gang in

6  the 1980s. Among other activities taken in furtherance of the 500 Block/C Street Gang, on or

7  about December 22, 2010, MICHAEL ORTIZ, SR., met with JOSEPH ORTIZ after the fatal

8  shooting on Eighth Lane in South San Francisco referenced above and helped JOSEPH ORTIZ

9  evade law enforcement.

10      17.     The defendant, GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio," has been a

11  member of the 500 Block gang since at least in or about 2008. In or about 2011, ASCENCIO

12  became the leader of the 500 Block side of the 500 Block/C Street Gang. The defendant,

13  RAYMOND HEMBRY, a/k/a "Tear Drop," has been a member of the C Street gang since at

14  least in or about 2008. In or about 2011, RAYMOND HEMBRY became the leader of the C

15  Street side of the united 500 Block/C Street Gang.

16      18.     The defendants, ARMANDO ACOSTA, a/k/a "Savage," and RODRIGO

17  AGUAYO, a/k/a "Ayo," have been members of the 500 Block gang since at least in or about

18  2006. Among other activities taken in furtherance of the 500 Block/C Street Gang, ACOSTA

19  and AGUAYO fought with and shot at rival gang members. In addition, in or about 2006,

20  AGUAYO stabbed someone he believed to have been a rival gang member, while on or about

21  December 22, 2010, ACOSTA provided transportation to VICTOR FLORES, JUSTIN

22  WHIPPLE, and BENJAMIN CAMPOS-GUTIERREZ after they committed the fatal shooting on

23  Eighth Lane in South San Francisco referenced above.

24      19.     The defendants, JAMES HEMBRY, a/k/a "Pimpy," GREGORIO GUZMAN,

25  a/k/a "Rhino," MARIO BERGREN, a/k/a "Fat Boy," and ANDREW BRYANT, a/k/a "Andy,"

26  have all been members of the C Street gang since at least in or about 2008. Among other

27  activities taken in furtherance of the 500 Block/C Street Gang, JAMES HEMBRY, GUZMAN,

28  BERGREN, and BRYANT fought with and shot at rival gang members, as well as provided

1 | firearms for members of the 500 Block/C Street Gang to use.

2 |     20.    The defendants, RICHARD MARTINEZ, a/k/a "Maniac," and PETER DAVIS,

3 | a/k/a "P-Nasty," have been associates of the 500 Block/C Street Gang since at least 2008.

4 | Among other activities taken in furtherance of the 500 Block/C Street Gang, MARTINEZ

5 | provided firearms for the use of 500 Block/C Street Gang members, while DAVIS committed

6 | robberies with the members of the 500 Block/C Street Gang.

7 |     21.    The defendants, who are associates, members, and leaders of the 500 Block/C

8 | Street Gang, acted individually, with each other, and also with non-member 500 Block/C Street

9 | Gang associates in the commission of racketeering activities and other criminal conduct.

10 | The Racketeering Conspiracy

11 |     22.    Beginning on a date unknown to the Grand Jury but since at least the mid-2000s,

12 | and continuing up through and including the present, in the Northern District of California and

13 | elsewhere, the defendants,

14 |         (1) JOSEPH ORTIZ, a/k/a "Little Vicious,"

15 |         (2) VICTOR FLORES, a/k/a "Little Creeper,"

16 |         (3) JUSTIN WHIPPLE, a/k/a "Teddy,"

17 |         (4) BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

18 |         (5) MICHAEL ORTIZ, JR., a/k/a "Vicious,"

19 |         (6) MICHAEL ORTIZ, SR., a/k/a "Blackie,"

20 |         (7) ARMANDO ACOSTA, a/k/a "Savage,"

21 |         (8) GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"

22 |         (9) RAYMOND HEMBRY, a/k/a "Tear Drop,"

23 |         (10) JAMES HEMBRY, a/k/a "Pimpy,"

24 |         (11) RICHARD MARTINEZ, a/k/a "Maniac,"

25 |         (12) RODRIGO AGUAYO, a/k/a "Ayo,"

26 |         (13) GREGORIO GUZMAN, a/k/a "Rhino,"

27 |         (14) MARIO BERGREN, a/k/a "Fat Boy,"

28 |         (15) ANDREW BRYANT, a/k/a "Andy," and

SECOND SUPERSEDING INDICTMENT    -8-

1   (16) PETER DAVIS, a/k/a "P-Nasty,"

2   together with others known and unknown, each being a person employed by and associated with
3   the 500 Block/C Street Gang, an enterprise engaged in, and the activities of which affected,
4   interstate and foreign commerce, unlawfully, knowingly, and intentionally did conspire to violate
5   Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and
6   indirectly, in the conduct of the affairs of the 500 Block/C Street Gang enterprise through a
7   pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and
8   (5), which pattern of racketeering activity consisted of:

9           a.     multiple acts and threats involving murder, in violation of California Penal
10  Code §§ 187, 188, 189, 182, 21a, 664, 653f, and 422; robbery, in violation of California Penal
11  Code §§ 211, 212, 212.5, 213, 182, 21a, 664, 653f, and 422; and extortion, in violation of
12  California Penal Code §§ 518, 519, 520, 524, 664, 182, 653f, and 422;

13          b.     multiple acts involving dealing in controlled substances, in violation of 21
14  U.S.C. §§ 841(a)(1) and 846; and

15          c.     multiple acts indictable under 18 U.S.C. §§ 1951, 1513, 1512, and 1503.

16  23.    It was part of the conspiracy that each defendant agreed that a conspirator would
17  commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

18                          Means and Methods of the Conspiracy

19  24.    It was part of the means and methods of the conspiracy that the defendants and
20  other members and associates of the 500 Block/C Street Gang, discussed with other members
21  and associates of the 500 Block/C Street Gang, among other things, the membership and rules of
22  the 500 Block/C Street Gang; the status of 500 Block/C Street Gang members and associates
23  who were arrested or incarcerated; the disciplining of 500 Block/C Street Gang members; 500
24  Block/C Street Gang members' encounters with law enforcement; the identities of individuals
25  suspected of cooperating with law enforcement and the proposed actions to be taken against
26  them; plans and agreements regarding the commission of future crimes, including murder,
27  robbery, extortion, narcotics distribution, illegal possession of firearms, and assault, as well as
28  ways to conceal these crimes; and the enforcement of the rules of the 500 Block/C Street Gang.

SECOND SUPERSEDING INDICTMENT          -9-

1     25. It was further part of the means and methods of the conspiracy that the defendants
2 and other members and associates of the 500 Block/C Street Gang agreed to purchase, possess,
3 maintain, use, and circulate a collection of firearms for use in criminal activity by the members
4 and associates of the 500 Block/C Street Gang.

5     26. It was further part of the means and methods of the conspiracy that the defendants
6 and other members and associates of the 500 Block/C Street Gang agreed that acts of violence,
7 including murder, attempted murder, and assault, would be committed by members and
8 associates of the 500 Block/C Street Gang against rival gang members and others when it suited
9 the enterprise's purposes. Members of the 500 Block/C Street Gang also used violence to
10 impose discipline within the 500 Block/C Street Gang.

11    27. It was further part of the means and methods of the conspiracy that the defendants
12 and other members and associates of the 500 Block/C Street Gang agreed to distribute narcotics,
13 to commit robbery, extortion, and other crimes, and to conceal their criminal activities by
14 obstructing justice, threatening and intimidating witnesses, and other means.

15    All in violation of Title 18, United States Code, Section 1962(d).

16 COUNT TWO:           (18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of
17                              Racketeering)

18    28. Paragraphs 1 through 21 and 24 through 27 of this Indictment are realleged and
19 incorporated by reference as though fully set forth herein.

20    29. At all times relevant to this Indictment, the 500 Block/C Street Gang constituted
21 an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of
22 individuals associated in fact that was engaged in, and the activities of which affected, interstate
23 and foreign commerce. The enterprise constituted an ongoing organization whose members
24 functioned as a continuing unit for a common purpose of achieving the objectives of the
25 enterprise.

26    30. At all times relevant to this Indictment, the 500 Block/C Street Gang, the above-
27 described enterprise, through its members and associates, engaged in racketeering activity, as
28 defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple acts

SECOND SUPERSEDING INDICTMENT      -10-

1 and threats involving murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a,

2 664, 653f, and 422; robbery, in violation of California Penal Code §§ 211, 212, 212.5, 213, 182,

3 21a, and 664; and extortion, in violation of California Penal Code §§ 518, 519, 520, 524, 664,

4 and 182; multiple acts involving dealing in a controlled substance, in violation of 21 U.S.C. §§

5 841(a)(1) and 846; and multiple acts indictable under 18 U.S.C. §§ 1951, 1513, 1512, and 1503.

6        31.    Beginning on a date unknown to the Grand Jury but since at least the mid-2000s,

7 and continuing up through and including the present, in the Northern District of California and

8 elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the

9 500 Block/C Street Gang, an enterprise engaged in racketeering activity, the defendants,

10                    (1) JOSEPH ORTIZ, a/k/a "Little Vicious,"

11                    (2) VICTOR FLORES, a/k/a "Little Creeper,"

12                    (3) JUSTIN WHIPPLE, a/k/a "Teddy,"

13              (4) BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

14                    (5) MICHAEL ORTIZ, JR., a/k/a "Vicious,"

15                    (6) MICHAEL ORTIZ, SR., a/k/a "Blackie,"

16                    (7) ARMANDO ACOSTA, a/k/a "Savage,"

17             (8) GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"

18                    (9) RAYMOND HEMBRY, a/k/a "Tear Drop,"

19                    (10) JAMES HEMBRY, a/k/a "Pimpy,"

20                    (11) RICHARD MARTINEZ, a/k/a "Maniac,"

21                    (12) RODRIGO AGUAYO, a/k/a "Ayo,"

22                    (13) GREGORIO GUZMAN, a/k/a "Rhino,"

23                    (14) MARIO BERGREN, a/k/a "Fat Boy,"

24                  (15) ANDREW BRYANT, a/k/a "Andy," and

25                    (16) PETER DAVIS, a/k/a "P-Nasty,"

26 together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

27 conspire, confederate, and agree together and with each other to commit murder, in violation of

28 California Penal Code Sections 187, 188, and 189, to wit, the defendants agreed together and

SECOND SUPERSEDING INDICTMENT       -11-

1  with each other to kill actual and suspected members of rival gangs, individuals suspected of

2  cooperating with law enforcement, and individuals who defied the will of the 500 Block/C Street

3  Gang, in order to maintain and increase their standing within the racketeering enterprise known

4  as the 500 Block/C Street Gang.

5       All in violation of Title 18, United States Code, Section 1959(a)(5).

6  COUNT THREE:          (18 U.S.C. § 1959(a)(6) – Conspiracy to Commit Assault with a

7                        Dangerous Weapon in Aid of Racketeering)

8       32.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

9  realleged and incorporated by reference as though fully set forth herein.

10      33.    Beginning on a date unknown to the Grand Jury but since at least the mid-2000s,

11 and continuing up through and including the present, in the Northern District of California and

12 elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the

13 500 Block/C Street Gang, an enterprise engaged in racketeering activity, the defendants,

14                        (1) JOSEPH ORTIZ, a/k/a "Little Vicious,"

15                        (2) VICTOR FLORES, a/k/a "Little Creeper,"

16                        (3) JUSTIN WHIPPLE, a/k/a "Teddy,"

17                        (4) BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

18                        (5) MICHAEL ORTIZ, JR., a/k/a "Vicious,"

19                        (6) MICHAEL ORTIZ, SR., a/k/a "Blackie,"

20                        (7) ARMANDO ACOSTA, a/k/a "Savage,"

21                        (8) GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"

22                        (9) RAYMOND HEMBRY, a/k/a "Tear Drop,"

23                        (10) JAMES HEMBRY, a/k/a "Pimpy,"

24                        (11) RICHARD MARTINEZ, a/k/a "Maniac,"

25                        (12) RODRIGO AGUAYO, a/k/a "Ayo,"

26                        (13) GREGORIO GUZMAN, a/k/a "Rhino,"

27                        (14) MARIO BERGREN, a/k/a "Fat Boy,"

28                        (15) ANDREW BRYANT, a/k/a "Andy," and

SECOND SUPERSEDING INDICTMENT          -12-

1                           (16) PETER DAVIS, a/k/a "P-Nasty,"

2 together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

3 conspire, confederate, and agree together and with each other to commit assault with a dangerous

4 weapon, in violation of California Penal Code Section 245(a)(1), to wit, the defendants agreed

5 together and with each other to assault with guns, knives, and other dangerous weapons actual

6 and suspected members of rival gangs, individuals suspected of cooperating with law

7 enforcement, and individuals who defied the will of the 500 Block/C Street Gang, in order to

8 maintain and increase their standing within the racketeering enterprise known as the 500 Block/C

9 Street Gang.

10      All in violation of Title 18, United States Code, Section 1959(a)(6).

11 COUNT FOUR:          (18 U.S.C. §§ 924(c)(1)(A) and 2 – Use/Possession of Firearm in

12                          Furtherance of Crime of Violence)

13      34.    Beginning on a date unknown to the Grand Jury but since at least the mid-2000s,

14 and continuing up through and including the present, in the Northern District of California and

15 elsewhere, the defendants,

16                     (1) MICHAEL ORTIZ, JR., a/k/a "Vicious,"

17                     (2) MICHAEL ORTIZ, SR., a/k/a "Blackie,"

18                     (3) ARMANDO ACOSTA, a/k/a "Savage,"

19               (4) GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"

20                 (5) RAYMOND HEMBRY, a/k/a "Tear Drop,"

21                   (6) JAMES HEMBRY, a/k/a "Pimpy,"

22                (7) RICHARD MARTINEZ, a/k/a "Maniac,"

23                   (8) RODRIGO AGUAYO, a/k/a "Ayo,"

24               (9) GREGORIO GUZMAN, a/k/a "Rhino,"

25             (10) MARIO BERGREN, a/k/a "Fat Boy," and

26                (11) ANDREW BRYANT, a/k/a "Andy"

27 together with others known and unknown, unlawfully and knowingly did use and carry a firearm

28 during and in relation to a crime of violence for which they may be prosecuted in a court of the

SECOND SUPERSEDING INDICTMENT      -13-

1 | United States, namely, the 500 Block/C Street Gang racketeering conspiracy charged in Count
2 | One of this Indictment, the conspiracy to commit murder in aid of racketeering charged in Count
3 | Two of this Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of
4 | racketeering charged in Count Three of this Indictment, and did possess a firearm in furtherance
5 | of the offenses charged in Count One, Count Two, and Count Three of this Indictment, to wit,
6 | the defendants possessed, used, and had available for their use a variety of firearms to further the
7 | goals and activities of the 500 Block/C Street Gang.

8 | All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

9 | COUNT FIVE:  (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of
10 | Racketeering of Victim-1)

11 | 35. Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are
12 | realleged and incorporated by reference as though fully set forth herein.

13 | 36. On or about December 18, 2010, in the Northern District of California, for the
14 | purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street
15 | Gang, an enterprise engaged in racketeering activity, the defendant,

16 | JOSEPH ORTIZ, a/k/a "Little Vicious,"

17 | together with others known and unknown, unlawfully and knowingly did attempt to murder
18 | Victim-1, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

19 | All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

20 | COUNT SIX:  (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of
21 | Racketeering of Victim-2)

22 | 37. Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are
23 | realleged and incorporated by reference as though fully set forth herein.

24 | 38. On or about December 18, 2010, in the Northern District of California, for the
25 | purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street
26 | Gang, an enterprise engaged in racketeering activity, the defendant,

27 | JOSEPH ORTIZ, a/k/a "Little Vicious,"

28 | together with others known and unknown, unlawfully and knowingly did attempt to murder

SECOND SUPERSEDING INDICTMENT     -14-

1  Victim-2, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

2    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

3  COUNT SEVEN:   (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of

4           Racketeering of Victim-3)

5    39.  Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

6  realleged and incorporated by reference as though fully set forth herein.

7    40.  On or about December 18, 2010, in the Northern District of California, for the

8  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

9  Gang, an enterprise engaged in racketeering activity, the defendant,

10           JOSEPH ORTIZ, a/k/a "Little Vicious,"

11  together with others known and unknown, unlawfully and knowingly did attempt to murder

12  Victim-3, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

13    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

14  COUNT EIGHT:   (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of

15           Racketeering of Victim-4)

16    41.  Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

17  realleged and incorporated by reference as though fully set forth herein.

18    42.  On or about December 18, 2010, in the Northern District of California, for the

19  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

20  Gang, an enterprise engaged in racketeering activity, the defendant,

21           JOSEPH ORTIZ, a/k/a "Little Vicious,"

22  together with others known and unknown, unlawfully and knowingly did attempt to murder

23  Victim-4, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

24    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

25  COUNT NINE:   (18 U.S.C. §§ 924(c)(1)(A) and 2 – Use/Possession of Firearm in

26           Furtherance of Crime of Violence)

27    43.  On or about December 18, 2010, in the Northern District of California, the

28  defendant,

SECOND SUPERSEDING INDICTMENT   -15-

1  JOSEPH ORTIZ, a/k/a "Little Vicious,"

2  together with others known and unknown, unlawfully and knowingly did use and carry a firearm

3  during and in relation to a crime of violence for which he may be prosecuted in a court of the

4  United States, namely, the attempted murder in aid of racketeering of Victim-1 charged in Count

5  Five of this Indictment, the attempted murder in aid of racketeering of Victim-2 charged in Count

6  Six of this Indictment, the attempted murder in aid of racketeering of Victim-3 charged in Count

7  Seven of this Indictment, and the attempted murder in aid of racketeering of Victim-4 charged in

8  Count Eight of this Indictment, and did possess a firearm in furtherance of the offenses charged

9  in Counts Five, Six, Seven, and Eight of this Indictment.

10  All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

11  COUNT TEN:                (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of

12                          Victim-5)

13  44.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

14  realleged and incorporated by reference as though fully set forth herein.

15  45.    On or about December 22, 2010, in the Northern District of California, for the

16  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

17  Gang, an enterprise engaged in racketeering activity, the defendants,

18                  JOSEPH ORTIZ, a/k/a "Little Vicious,"

19                  VICTOR FLORES, a/k/a "Little Creeper,"

20                  JUSTIN WHIPPLE, a/k/a "Teddy," and

21                  BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

22  together with others known and unknown, unlawfully and knowingly did murder Victim-5, in

23  violation of California Penal Code Sections 187, 188, and 189.

24  All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

25  COUNT ELEVEN:             (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of

26                          Victim-6)

27  46.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

28  realleged and incorporated by reference as though fully set forth herein.

SECOND SUPERSEDING INDICTMENT              -16-

1    47.    On or about December 22, 2010, in the Northern District of California, for the
2  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street
3  Gang, an enterprise engaged in racketeering activity, the defendants,

4                    JOSEPH ORTIZ, a/k/a "Little Vicious,"

5                    VICTOR FLORES, a/k/a "Little Creeper,"

6                    JUSTIN WHIPPLE, a/k/a "Teddy," and

7                    BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

8  together with others known and unknown, unlawfully and knowingly did murder Victim-6, in
9  violation of California Penal Code Sections 187, 188, and 189.

10      All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

11  COUNT TWELVE:          (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of
12                         Victim-7)

13      48.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are
14  realleged and incorporated by reference as though fully set forth herein.

15      49.    On or about December 22, 2010, in the Northern District of California, for the
16  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street
17  Gang, an enterprise engaged in racketeering activity, the defendants,

18                    JOSEPH ORTIZ, a/k/a "Little Vicious,"

19                    VICTOR FLORES, a/k/a "Little Creeper,"

20                    JUSTIN WHIPPLE, a/k/a "Teddy," and

21                    BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

22  together with others known and unknown, unlawfully and knowingly did murder Victim-7, in
23  violation of California Penal Code Sections 187, 188, and 189.

24      All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

25  COUNT THIRTEEN:         (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of
26                          Racketeering of Victim-8)

27      50.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are
28  realleged and incorporated by reference as though fully set forth herein.

SECOND SUPERSEDING INDICTMENT          -17-

1    51.    On or about December 22, 2010, in the Northern District of California, for the

2    purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

3    Gang, an enterprise engaged in racketeering activity, the defendants,

4                              JOSEPH ORTIZ, a/k/a "Little Vicious,"

5                              VICTOR FLORES, a/k/a "Little Creeper,"

6                              JUSTIN WHIPPLE, a/k/a "Teddy," and

7                              BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

8    together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

9    to murder Victim-8, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

10    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

11    COUNT FOURTEEN:    (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of

12                              Racketeering of Victim-9)

13    52.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

14    realleged and incorporated by reference as though fully set forth herein.

15    53.    On or about December 22, 2010, in the Northern District of California, for the

16    purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

17    Gang, an enterprise engaged in racketeering activity, the defendants,

18                              JOSEPH ORTIZ, a/k/a "Little Vicious,"

19                              VICTOR FLORES, a/k/a "Little Creeper,"

20                              JUSTIN WHIPPLE, a/k/a "Teddy," and

21                              BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

22    together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

23    to murder Victim-9, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

24    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

25    COUNT FIFTEEN:    (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of

26                              Racketeering of Victim-10)

27    54.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

28    realleged and incorporated by reference as though fully set forth herein.

SECOND SUPERSEDING INDICTMENT            -18-

1    55.    On or about December 22, 2010, in the Northern District of California, for the

2  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

3  Gang, an enterprise engaged in racketeering activity, the defendants,

4                          JOSEPH ORTIZ, a/k/a "Little Vicious,"

5                          VICTOR FLORES, a/k/a "Little Creeper,"

6                          JUSTIN WHIPPLE, a/k/a "Teddy," and

7                          BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

8  together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

9  to murder Victim-10, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

10    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

11  COUNT SIXTEEN:    (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of

12                          Racketeering of Victim-11)

13    56.    Paragraphs 1 through 21, 24 through 27, and 29 through 30 of this Indictment are

14  realleged and incorporated by reference as though fully set forth herein.

15    57.    On or about December 22, 2010, in the Northern District of California, for the

16  purpose of gaining entrance to and maintaining and increasing position in the 500 Block/C Street

17  Gang, an enterprise engaged in racketeering activity, the defendants,

18                          JOSEPH ORTIZ, a/k/a "Little Vicious,"

19                          VICTOR FLORES, a/k/a "Little Creeper,"

20                          JUSTIN WHIPPLE, a/k/a "Teddy," and

21                          BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

22  together with others known and unknown, unlawfully, knowingly, and intentionally did attempt

23  to murder Victim-11, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

24    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

25  COUNT SEVENTEEN:        (18 U.S.C. §§ 924(j)(1) and 2 – Use/Possession of Firearm in

26                          Furtherance of Crime of Violence Causing Death)

27    58.    On or about December 22, 2010, in the Northern District of California, the

28  defendants,

SECOND SUPERSEDING INDICTMENT          -19-

JOSEPH ORTIZ, a/k/a "Little Vicious,"

VICTOR FLORES, a/k/a "Little Creeper,"

JUSTIN WHIPPLE, a/k/a "Teddy," and

BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

together with others known and unknown, unlawfully and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-5 charged in Count Ten of this Indictment, the murder in aid of racketeering of Victim-6 charged in Count Eleven of this Indictment, the murder in aid of racketeering of Victim-7 charged in Count Twelve of this Indictment, the attempted murder in aid of racketeering of Victim-8 charged in Count Thirteen of this Indictment, the attempted murder in aid of racketeering of Victim-9 charged in Count Fourteen of this Indictment, the attempted murder in aid of racketeering of Victim-10 charged in Count Fifteen of this Indictment, and the attempted murder in aid of racketeering of Victim-11 charged in Count Sixteen of this Indictment, did use and carry a firearm, and in furtherance of such crime, did possess a firearm, and in the course of that crime did cause the death of a person, to wit, Victim-5, Victim-6, and Victim-7, through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111, and manslaughter, as defined in Title 18, United States Code, Section 1112.

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

COUNT EIGHTEEN: (18 U.S.C. §§ 924(c)(1)(A) and 2 – Use/Possession of Firearm in Furtherance of Crime of Violence)

59. On or about December 22, 2010, in the Northern District of California, the defendants,

JOSEPH ORTIZ, a/k/a "Little Vicious,"

VICTOR FLORES, a/k/a "Little Creeper,"

JUSTIN WHIPPLE, a/k/a "Teddy," and

BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

SECOND SUPERSEDING INDICTMENT        -20-

1 | a firearm during and in relation to a crime of violence for which they may be prosecuted in a
2 | court of the United States, namely, the murder in aid of racketeering of Victim-5 charged in
3 | Count Ten of this Indictment, the murder in aid of racketeering of Victim-6 charged in Count
4 | Eleven of this Indictment, the murder in aid of racketeering of Victim -7 charged in Count
5 | Twelve of this Indictment, the attempted murder in aid of racketeering of Victim-8 charged in
6 | Count Thirteen of this Indictment, the attempted murder in aid of racketeering of Victim-9
7 | charged in Count Fourteen of this Indictment, the attempted murder in aid of racketeering of
8 | Victim-10 charged in Count Fifteen of this Indictment, and the attempted murder in aid of
9 | racketeering of Victim-11 charged in Count Sixteen of this Indictment, and did possess a firearm
10 | in furtherance of the offenses charged in Counts Ten, Eleven, Twelve, Thirteen, Fourteen,
11 | Fifteen, and Sixteen of this Indictment.

12 |      All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

13 | <u>COUNT NINETEEN</u>:    (18 U.S.C. §§ 3 and 1959(a)(1) – Accessory After the Fact)

14 |     60.    From at least on or about December 22, 2010, up through and including in or
15 | about September 2011, in the Northern District of California and elsewhere, the defendants,

16 | MICHAEL ORTIZ, SR., a/k/a "Blackie,"

17 | MICHAEL ORTIZ, JR., a/k/a "Vicious"

18 | ARMANDO ACOSTA, a/k/a "Savage,"

19 | LOUIS RODRIGUEZ,

20 | TANYA RODRIGUEZ, a/k/a "La China," and

21 | BETTY ORTIZ,

22 | and others known and unknown, knowing that an offense against the United States had been
23 | committed, to wit, the December 22, 2010 Eighth Lane murders and attempted murders in aid of
24 | racketeering, in violation of Title 18, United States Code, Section 1959(a)(1) and (a)(5), and the
25 | use, carrying, possession of firearms as charged in Counts Ten, Eleven, Twelve, Thirteen,
26 | Fourteen, Fifteen, and Sixteen of this Indictment, did receive, comfort, and assist the offenders,
27 | Joseph Ortiz, Victor Flores, Justin Whipple, and Benjamin Campos-Gonzalez, in order to hinder
28 | and prevent the offenders' apprehension, trial, and punishment.

1    All in violation of Title 18, United States Code, Section 3.

2    COUNT TWENTY:       (18 U.S.C. § 371 – Conspiracy to Obstruct Justice)

3    61.    From at least on or about December 22, 2010, up through and including in or

4    about September 2011, in the Northern District of California and elsewhere, the defendants,

5                    JOSEPH ORTIZ, a/k/a "Little Vicious,"

6                    MICHAEL ORTIZ, SR., a/k/a "Blackie,"

7                    MICHAEL ORTIZ, JR.,a/k/a "Vicious"

8                    ARMANDO ACOSTA

9                    LOUIS RODRIGUEZ,

10                    TANYA RODRIGUEZ, a/k/a "La China," and

11                    BETTY ORTIZ,

12   and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire,

13   confederate, and agree together and with each other to commit an offense against the United

14   States, to wit, to violate Title 18, United States Code, Section 1512(c)(2).

15   62.    It was a part and an object of the conspiracy that the defendants,

16                    JOSEPH ORTIZ, a/k/a "Little Vicious,"

17                    MICHAEL ORTIZ, JR., a/k/a "Vicious"

18                    MICHAEL ORTIZ, SR., a/k/a "Blackie,"

19                    ARMANDO ACOSTA, a/k/a "Savage,"

20                    LOUIS RODRIGUEZ,

21                    TANYA RODRIGUEZ a/k/a "La China," and

22                    BETTY ORTIZ,

23   and their co-conspirators, unlawfully, willfully, and knowingly, would and did corruptly obstruct,

24   influence, and impede an official proceeding, in violation of Title 18, United States Code,

25   Section 1512(c)(2).

26                                     Overt Acts

27   63.    In furtherance of the conspiracy and to effect the illegal object thereof, the

28   following overt acts, among others, were committed in the Northern District of California and

SECOND SUPERSEDING INDICTMENT            -22-

elsewhere:

    a.    On or about December 22, 2010, in San Mateo, California, MICHAEL ORTIZ, JR., cleaned a car driven by JOSEPH ORTIZ.

    b.    On or about December 22, 2010, in San Mateo, California, LOUIS RODRIGUEZ helped wash firearms.

    c.    On or about December 23, 2010, MICHAEL ORTIZ, SR., drove JOSEPH ORTIZ out of San Mateo, California.

    d.    On or about February 26, 2011, in San Mateo, California, BETTY ORTIZ sent money via Western Union to Mexico.

    e.    In or about June 2011, in San Mateo, California, TANYA RODRIGUEZ, questioned a witness (the "Witness") about the Witness's interactions with law enforcement.

    f.    In or about June 2011, BETTY ORTIZ drove the Witness from San Mateo, California, to Mexico.

All in violation of Title 18, United States Code, Section 371.

COUNT TWENTY-ONE:    (18 U.S.C. §§ 1512(c)(2) and 2 – Obstruction of Justice)

64.    From at least on or about December 22, 2010, up through and including in or about September 2011, in the Northern District of California and elsewhere, the defendants,

JOSEPH ORTIZ, a/k/a "Little Vicious,"

MICHAEL ORTIZ, JR.,a/k/a "Vicious"

MICHAEL ORTIZ, SR., a/k/a "Blackie,"

ARMANDO ACOSTA, a/k/a "Savage,"

LOUIS RODRIGUEZ,

TANYA RODRIGUEZ, a/k/a "La China," and

BETTY ORTIZ,

and others known and unknown, unlawfully, willfully, and knowingly, did corruptly obstruct, influence, and impede an official proceeding, to wit, the defendants corruptly obstructed and impeded a federal grand jury investigation relating to the December 22, 2010 Eighth Lane shooting.

1    All in violation of Tile 18, United States Code, Sections 1512(c)(2) and 2.

2    COUNT TWENTY-TWO:    (18 U.S.C. §§ 1519 and 2 – Concealment of Object to Obstruct

3                        Investigation)

4        65.    On or about December 22, 2010, in the Northern District of California, the

5    defendants,

6                        JOSEPH ORTIZ, a/k/a "Little Vicious,"

7                        ARMANDO ACOSTA, a/k/a "Savage,"

8                        MICHAEL ORTIZ, SR., and

9                        LOUIS RODRIGUEZ,

10   unlawfully, intentionally, and knowingly did alter, destroy, mutilate, and conceal a tangible

11   object with the intent to impede, obstruct, and influence the investigation of a matter within the

12   jurisdiction of a department and agency of the United States, to wit, the defendants washed,

13   concealed, and disposed of firearms and thereby impeded an investigation of the December 22,

14   2010 Eighth Lane shooting, which was within the jurisdiction of the United States Department of

15   Homeland Security and the United States Department of Justice.

16       All in violation of Title 18, United States Code, Sections 1519 and 2.

17   COUNT TWENTY-THREE: (18 U.S.C. § 1951(a) – Conspiracy to Commit Robbery Affecting

18                        Interstate Commerce)

19       66.    In or about April 2010, in the Northern District of California, the defendants,

20                        JOSEPH ORTIZ, a/k/a "Little Vicious," and

21                        BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

22   and others known and unknown, unlawfully, willfully, and intentionally did combine, conspire,

23   confederate, and agree together and with each other to commit robbery, as that term is defined in

24   Title 18, United States Code, Section 1951(b)(1), and thereby would obstruct, delay, and affect

25   commerce and the movement of articles and commodities in commerce.

26       All in violation of Title 18, United States Code, Section 1951(a).

27   //

28

SECOND SUPERSEDING INDICTMENT        -24-

1 COUNT TWENTY-FOUR: (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate

2 Commerce)

3     67.    On or about April 5, 2010, in the Northern District of California, the defendants,

4 JOSEPH ORTIZ, a/k/a "Little Vicious," and

5 BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

6 and others known and unknown, unlawfully, willfully, and knowingly did obstruct, delay, and

7 affect commerce and the movement of articles and commodities in commerce by robbery, as that

8 term is defined in Title 18, United States Code, Section 1951(b)(1).

9     All in violation of Title 18, United States Code, Sections 1951(a) and 2.

10 COUNT TWENTY-FIVE: (18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in

11 Furtherance of a Crime of Violence)

12     68.    On or about April 5, 2010, in the Northern District of California, the defendants,

13 JOSEPH ORTIZ, a/k/a "Little Vicious," and

14 BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

15 and others known and unknown, unlawfully, willfully, and knowingly did use and carry a firearm

16 during and in relation to a crime of violence for which they may be prosecuted in a court of the

17 United States, namely, the conspiracy to commit robbery affecting commerce charged in Count

18 Twenty-Three of this Indictment and the robbery affecting commerce charged in Count Twenty-

19 Four of this Indictment, and did possess a firearm in furtherance of the offenses charged in

20 Counts Twenty-Three and Twenty-Four of this Indictment.

21     All in violation of Title 18, United States Code, Sections 924(c) and 2.

22 COUNT TWENTY-SIX: (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate

23 Commerce)

24     69.    On or about April 10, 2010, in the Northern District of California, the defendants,

25 JOSEPH ORTIZ, a/k/a "Little Vicious," and

26 BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

27 and others known and unknown, unlawfully, willfully, and knowingly did obstruct, delay, and

28 affect commerce and the movement of articles and commodities in commerce by robbery, as that

SECOND SUPERSEDING INDICTMENT     -25-

1 | term is defined in Title 18, United States Code, Section 1951(b)(1).

2 | All in violation of Title 18, United States Code, Sections 1951(a) and 2.

3 | COUNT TWENTY-SEVEN: (18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in

4 | Furtherance of a Crime of Violence)

5 | 70. On or about April 10, 2010, in the Northern District of California, the defendants,

6 | JOSEPH ORTIZ, a/k/a "Little Vicious," and

7 | BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

8 | and others known and unknown, unlawfully, willfully, and knowingly did use and carry a firearm
9 | during and in relation to a crime of violence for which they may be prosecuted in a court of the
10 | United States, namely, the conspiracy to commit robbery affecting commerce charged in Count
11 | Twenty-Three of this Indictment and the robbery affecting commerce charged in Count Twenty-
12 | Six of this Indictment, and did possess and a firearm in furtherance of the offenses charged in
13 | Counts Twenty-Three and Twenty-Six of this Indictment.

14 | All in violation of Title 18, United States Code, Sections 924(c) and 2.

15 | COUNT TWENTY-EIGHT: (18 U.S.C. § 1951(a) – Robbery Affecting Interstate Commerce)

16 | 71. On or about February 17, 2012, in the Northern District of California, the
17 | defendant,

18 | PETER DAVIS, a/k/a "P-Nasty,"

19 | unlawfully, willfully, and knowingly did obstruct, delay, and affect commerce and the movement
20 | of articles and commodities in commerce by robbery, as that term is defined in Title 18, United
21 | States Code, Section 1951(b)(1).

22 | All in violation of Title 18, United States Code, Section 1951(a).

23 | COUNT TWENTY-NINE: (18 U.S.C. § 924(c) – Use/Possession of a Firearm in Furtherance
24 | of a Crime of Violence)

25 | 72. On or about February 17, 2012, in the Northern District of California, the
26 | defendant,

27 | PETER DAVIS, a/k/a "P-Nasty,"

28 | unlawfully, willfully, and knowingly did use and carry a firearm during and in relation to a crime

SECOND SUPERSEDING INDICTMENT -26-

1  of violence for which he may be prosecuted in a court of the United States, namely, the robbery

2  affecting commerce charged in Count Twenty-Eight of this Indictment, and did possess and a

3  firearm in furtherance of the offense charged in Count Twenty-Eight of this Indictment.

4        All in violation of Title 18, United States Code, Section 924(c).

5  COUNT THIRTY:          (18 U.S.C. §§ 1114 and 1113 – Attempted Murder of a Federal

6                              Agent)

7       73.    On or about May 3, 2012, in the Northern District of California, the defendant,

8                  VICTOR FLORES, a/k/a "Little Creeper,"

9  did attempt to kill Victim #12, an officer and employee of the United States, while Victim #12

10  was engaged in and on account of the performance of his official duties, and such attempt was

11  attempted murder.

12        All in violation of Title 18, United States Code, Sections 1114 and 1113.

13  COUNT THIRTY-ONE:          (18 U.S.C. §§ 1114 and 1113 – Attempted Murder of a Federal

14                              Agent)

15       74.    On or about May 3, 2012, in the Northern District of California, the defendant,

16                  VICTOR FLORES, a/k/a "Little Creeper,"

17  did attempt to kill Victim #13, an officer and employee of the United States, while Victim #13

18  was engaged in and on account of the performance of his official duties, and such attempt was

19  attempted murder.

20        All in violation of Title 18, United States Code, Sections 1114 and 1113.

21  COUNT THIRTY-TWO:          (18 U.S.C. §§ 1114 and 1113 – Attempted Murder of a Federal

22                              Agent)

23       75.    On or about May 3, 2012, in the Northern District of California, the defendant,

24                  VICTOR FLORES, a/k/a "Little Creeper,"

25  did attempt to kill Victim #14, an officer and employee of the United States, while Victim #14

26  was engaged in and on account of the performance of his official duties, and such attempt was

27  attempted murder.

28        All in violation of Title 18, United States Code, Sections 1114 and 1113.

1  COUNT THIRTY-THREE: (18 U.S.C. § 924(c) – Use/Possession of a Firearm in Furtherance

2  of a Crime of Violence)

3  76.  On or about May 3, 2012 in the Northern District of California, the defendant,

4  VICTOR FLORES, a/k/a "Little Creeper,"

5  unlawfully and knowingly did use and carry a firearm during and in relation to a crime of

6  violence for which he may be prosecuted in a court of the United States, namely, the attempted

7  murder of a federal agent charged in Counts Thirty, Thirty-One, and Thirty-Two of this

8  Indictment, and did possess a firearm in furtherance of the offenses charged in Counts Thirty,

9  Thirty-One, and Thirty-Two of this Indictment.

10  All in violation of Title 18, United States Code, Section 924(c).

11  NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE

12  Number 1: Conspiracy to Commit Murder

13  77.  Beginning on a date unknown to the Grand Jury but since at least the mid-2000s,

14  and continuing up through and including the present, in the Northern District of California, the

15  defendants,

16  (1) JOSEPH ORTIZ, a/k/a "Little Vicious,"

17  (2) VICTOR FLORES, a/k/a "Little Creeper,"

18  (3) JUSTIN WHIPPLE, a/k/a "Teddy,"

19  (4) BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

20  (5) MICHAEL ORTIZ, JR., a/k/a "Vicious,"

21  (6) MICHAEL ORTIZ, SR., a/k/a "Blackie,"

22  (7) ARMANDO ACOSTA, a/k/a "Savage,"

23  (8) GIOVANNI RIMANDO ASCENCIO, a/k/a "Gio,"

24  (9) RAYMOND HEMBRY, a/k/a "Tear Drop,"

25  (10) JAMES HEMBRY, a/k/a "Pimpy,"

26  (11) RICHARD MARTINEZ, a/k/a "Maniac,"

27  (12) RODRIGO AGUAYO, a/k/a "Ayo,"

28  (13) GREGORIO GUZMAN, a/k/a "Rhino,"

1           (14) MARIO BERGREN, a/k/a "Fat Boy,"

2           (15) ANDREW BRYANT, a/k/a "Andy," and

3           (16) PETER DAVIS, a/k/a "P-Nasty,"

4 together with others known and unknown, unlawfully, knowingly, and intentionally did conspire

5 to commit murder, in violation of California Penal Code Sections 187, 188, 189, and 182, to wit,

6 the defendants agreed together and with each other to kill, with malice aforethought, actual and

7 suspected members of rival gangs, individuals suspected of cooperating with law enforcement,

8 and individuals who defied the will of the 500 Block/C Street Gang.

9       Number 2: JOSEPH ORTIZ - Attempted First Degree Murder of Victim-1

10     78.    On or about December 18, 2010, in the Northern District of California, the

11 defendant,

12                JOSEPH ORTIZ, a/k/a "Little Vicious,"

13 unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

14 kill, with malice aforethought, Victim-1, in violation of California Penal Code Sections 187, 188,

15 189, 21a, and 664.

16       Number 3: JOSEPH ORTIZ — Attempted First Degree Murder of Victim-2

17     79.    On or about December 18, 2010, in the Northern District of California, the

18 defendant,

19                JOSEPH ORTIZ, a/k/a "Little Vicious,"

20 unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

21 kill, with malice aforethought, Victim-2, in violation of California Penal Code Sections 187, 188,

22 189, 21a, and 664.

23       Number 4: JOSEPH ORTIZ — Attempted First Degree Murder of Victim-3

24     80.    On or about December 18, 2010, in the Northern District of California, the

25 defendant,

26                JOSEPH ORTIZ, a/k/a "Little Vicious,"

27 unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

28 kill, with malice aforethought, Victim-3, in violation of California Penal Code Sections 187, 188,

SECOND SUPERSEDING INDICTMENT     -29-

1 | 189, 21a, and 664.

2 | Number 5: JOSEPH ORTIZ — Attempted First Degree Murder of Victim-4

3 | 81. On or about December 18, 2010, in the Northern District of California, the

4 | defendant,

5 | JOSEPH ORTIZ, a/k/a "Little Vicious,"

6 | unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

7 | kill, with malice aforethought, Victim-4, in violation of California Penal Code Sections 187, 188,

8 | 189, 21a, and 664.

9 | Number 6: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND BENJAMIN

10 | CAMPOS-GONZALEZ — Murder of Victim-5

11 | 82. On or about December 22, 2010, in the Northern District of California, the

12 | defendants,

13 | JOSEPH ORTIZ, a/k/a "Little Vicious,"

14 | VICTOR FLORES, a/k/a "Little Creeper,"

15 | JUSTIN WHIPPLE, a/k/a "Teddy," and

16 | BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

17 | unlawfully, willfully, and intentionally, did kill, with malice aforethought, Victim-5, in violation

18 | of California Penal Code Sections 187, 188, and 189.

19 | Number 7: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND BENJAMIN

20 | CAMPOS-GONZALEZ — Murder of Victim-6

21 | 83. On or about December 22, 2010, in the Northern District of California, the

22 | defendants,

23 | JOSEPH ORTIZ, a/k/a "Little Vicious,"

24 | VICTOR FLORES, a/k/a "Little Creeper,"

25 | JUSTIN WHIPPLE, a/k/a "Teddy," and

26 | BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

27 | unlawfully, willfully, and intentionally, did kill, with malice aforethought, Victim-6, in violation

28 | of California Penal Code Sections 187, 188, and 189.

SECOND SUPERSEDING INDICTMENT                -30-

1       Number 8: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND BENJAMIN

2   CAMPOS-GONZALEZ — Murder of Victim-7

3       84.    On or about December 22, 2010, in the Northern District of California, the

4   defendants,

5                                JOSEPH ORTIZ, a/k/a "Little Vicious,"

6                                VICTOR FLORES, a/k/a "Little Creeper,"

7                                JUSTIN WHIPPLE, a/k/a "Teddy," and

8                       BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

9   unlawfully, willfully, and intentionally, did kill, with malice aforethought, Victim-7, in violation

10   of California Penal Code Sections 187, 188, and 189.

11       Number 9: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND BENJAMIN

12   CAMPOS-GONZALEZ — Attempted First Degree Murder of Victim-8

13       85.    On or about December 22, 2010, in the Northern District of California, the

14   defendants,

15                                JOSEPH ORTIZ, a/k/a "Little Vicious,"

16                                VICTOR FLORES, a/k/a "Little Creeper,"

17                                JUSTIN WHIPPLE, a/k/a "Teddy," and

18                       BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

19   unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

20   kill, with malice aforethought, Victim-8, in violation of California Penal Code Sections 187, 188,

21   189, 21a, and 664.

22       Number 10: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND

23   BENJAMIN CAMPOS-GONZALEZ — Attempted First Degree Murder of Victim-9

24       86.    On or about December 22, 2010, in the Northern District of California, the

25   defendants,

26                                JOSEPH ORTIZ, a/k/a "Little Vicious,"

27                                VICTOR FLORES, a/k/a "Little Creeper,"

28                                JUSTIN WHIPPLE, a/k/a "Teddy," and

1                         BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

2 unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

3 kill, with malice aforethought, Victim-9, in violation of California Penal Code Sections 187, 188,

4 189, 21a, and 664.

5             Number 11: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND

6 BENJAMIN CAMPOS-GONZALEZ — Attempted First Degree Murder of Victim-10

7         87.      On or about December 22, 2010, in the Northern District of California, the

8 defendants,

9                         JOSEPH ORTIZ, a/k/a "Little Vicious,"

10                         VICTOR FLORES, a/k/a "Little Creeper,"

11                         JUSTIN WHIPPLE, a/k/a "Teddy," and

12                    BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

13 unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

14 kill, with malice aforethought, Victim-10, in violation of California Penal Code Sections 187,

15 188, 189, 21a, and 664.

16             Number 12: JOSEPH ORTIZ, VICTOR FLORES, JUSTIN WHIPPLE, AND

17 BENJAMIN CAMPOS-GONZALEZ — Attempted First Degree Murder of Victim-11

18         88.      On or about December 22, 2010, in the Northern District of California, the

19 defendants,

20                         JOSEPH ORTIZ, a/k/a "Little Vicious,"

21                         VICTOR FLORES, a/k/a "Little Creeper,"

22                         JUSTIN WHIPPLE, a/k/a "Teddy," and

23                    BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG,"

24 unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

25 kill, with malice aforethought, Victim-11, in violation of California Penal Code Sections 187,

26 188, 189, 21a, and 664.

27             Number 13: VICTOR FLORES - Attempted First Degree Murder of Victim-12

28         89.      On or about May 3, 2012, in the Northern District of California, the defendant,

SECOND SUPERSEDING INDICTMENT       -32-

1  VICTOR FLORES, a/k/a "Little Creeper,"

2  unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

3  kill, with malice aforethought, Victim-12, in violation of California Penal Code Sections 187,

4  188, 189, 21a, and 664.

5  Number 14: VICTOR FLORES - Attempted First Degree Murder of Victim-13

6  90.  On or about May 3, 2012, in the Northern District of California, the defendant,

7  VICTOR FLORES, a/k/a "Little Creeper,"

8  unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

9  kill, with malice aforethought, Victim-13, in violation of California Penal Code Sections 187,

10  188, 189, 21a, and 664.

11  Number 15: VICTOR FLORES - Attempted First Degree Murder of Victim-14

12  91.  On or about May 3, 2012, in the Northern District of California, the defendant,

13  VICTOR FLORES, a/k/a "Little Creeper,"

14  unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to

15  kill, with malice aforethought, Victim-14, in violation of California Penal Code Sections 187,

16  188, 189, 21a, and 664.

17  NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT JOSEPH ORTIZ

18  92.  The allegations of Count Ten, Count Eleven, Count Twelve, and Count Seventeen

19  of this Indictment are realleged and incorporated by reference as though fully set forth herein.

20  93.  As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this

21  Indictment, the defendant JOSEPH ORTIZ, a/k/a "Little Vicious":

22  (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §

23  3591(a));

24  (2) intentionally killed the victim named in the respective capital count (18 U.S.C.

25  § 3591(a)(2)(A));

26  (3) intentionally inflicted serious bodily injury that resulted in the death of the

27  victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

28  (4) intentionally participated in one or more acts, contemplating that the life of a

SECOND SUPERSEDING INDICTMENT          -33-

1  person would be taken or intending that lethal force would be used in connection with a person,
2  other than a participant in the offense, and the victim named in the respective capital count died
3  as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

4             (5) intentionally and specifically engaged in one or more acts of violence,
5  knowing that the act or acts created a grave risk of death to a person, other than a participant in
6  the offense, such that participation in such act or acts constituted a reckless disregard for human
7  life, and the victim named in the respective capital count died as a direct result of such act or acts
8  (18 U.S.C. § 3591(a)(2)(D)).

9         94.    As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
10  Indictment, the defendant JOSEPH ORTIZ, a/k/a "Little Vicious," in the commission of the
11  offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to
12  one or more persons in addition to the victim of the offense named in the respective capital count
13  (18 U.S.C. § 3592(c)(5)).

14        95.    As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
15  Indictment, the defendant JOSEPH ORTIZ, a/k/a "Little Vicious," committed the offense after
16  substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

17        96.    As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
18  Indictment, the defendant JOSEPH ORTIZ, a/k/a "Little Vicious," intentionally killed or
19  attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

20  NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT VICTOR FLORES

21        97.    The allegations of Count Ten, Count Eleven, Count Twelve, and Count Seventeen
22  of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23        98.    As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
24  Indictment, the defendant VICTOR FLORES, a/k/a "Little Creeper":

25             (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §
26  3591(a));

27             (2) intentionally killed the victim named in the respective capital count (18 U.S.C.
28  § 3591(a)(2)(A));

SECOND SUPERSEDING INDICTMENT           -34-

1    (3) intentionally inflicted serious bodily injury that resulted in the death of the
2    victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

3    (4) intentionally participated in one or more acts, contemplating that the life of a
4    person would be taken or intending that lethal force would be used in connection with a person,
5    other than a participant in the offense, and the victim named in the respective capital count died
6    as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

7    (5) intentionally and specifically engaged in one or more acts of violence,
8    knowing that the act or acts created a grave risk of death to a person, other than a participant in
9    the offense, such that participation in such act or acts constituted a reckless disregard for human
10   life, and the victim named in the respective capital count died as a direct result of such act or acts
11   (18 U.S.C. § 3591(a)(2)(D)).

12   99.    As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
13   Indictment, the defendant VICTOR FLORES, a/k/a "Little Creeper," in the commission of the
14   offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to
15   one or more persons in addition to the victim of the offense named in the respective capital count
16   (18 U.S.C. § 3592(c)(5)).

17   100.   As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
18   Indictment, the defendant VICTOR FLORES, a/k/a "Little Creeper," committed the offense after
19   substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

20   101.   As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
21   Indictment, the defendant VICTOR FLORES, a/k/a "Little Creeper," intentionally killed or
22   attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

23   NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT JUSTIN WHIPPLE

24   102.   The allegations of Count Ten, Count Eleven, Count Twelve, and Count Seventeen
25   of this Indictment are realleged and incorporated by reference as though fully set forth herein.

26   103.   As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
27   Indictment, the defendant JUSTIN WHIPPLE, a/k/a "Teddy":

28   (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §

SECOND SUPERSEDING INDICTMENT          -35-

1  3591(a));

2          (2) intentionally killed the victim named in the respective capital count (18 U.S.C.
3  § 3591(a)(2)(A));

4          (3) intentionally inflicted serious bodily injury that resulted in the death of the
5  victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

6          (4) intentionally participated in one or more acts, contemplating that the life of a
7  person would be taken or intending that lethal force would be used in connection with a person,
8  other than a participant in the offense, and the victim named in the respective capital count died
9  as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

10          (5) intentionally and specifically engaged in one or more acts of violence,
11  knowing that the act or acts created a grave risk of death to a person, other than a participant in
12  the offense, such that participation in such act or acts constituted a reckless disregard for human
13  life, and the victim named in the respective capital count died as a direct result of such act or acts
14  (18 U.S.C. § 3591(a)(2)(D)).

15          104.    As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
16  Indictment, the defendant JUSTIN WHIPPLE, a/k/a "Teddy," in the commission of the offense,
17  or in escaping apprehension for the offense, knowingly created a grave risk of death to one or
18  more persons in addition to the victim of the offense named in the respective capital count (18
19  U.S.C. § 3592(c)(5)).

20          105.    As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
21  Indictment, the defendant JUSTIN WHIPPLE, a/k/a "Teddy," committed the offense after
22  substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

23          106.    As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this
24  Indictment, the defendant JUSTIN WHIPPLE, a/k/a "Teddy," intentionally killed or attempted to
25  kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

26  NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT BENJAMIN CAMPOS-
27  GONZALEZ

28          107.    The allegations of Count Ten, Count Eleven, Count Twelve, and Count Seventeen

SECOND SUPERSEDING INDICTMENT          -36-

1  of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2      108.   As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this

3  Indictment, the defendant BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG":

4           (1) was more than 18 years of age at the time of the offenses (18 U.S.C. §

5  3591(a));

6           (2) intentionally killed the victim named in the respective capital count (18 U.S.C.

7  § 3591(a)(2)(A));

8           (3) intentionally inflicted serious bodily injury that resulted in the death of the

9  victim named in the respective capital count (18 U.S.C. § 3591(a)(2)(B));

10          (4) intentionally participated in one or more acts, contemplating that the life of a

11 person would be taken or intending that lethal force would be used in connection with a person,

12 other than a participant in the offense, and the victim named in the respective capital count died

13 as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

14          (5) intentionally and specifically engaged in one or more acts of violence,

15 knowing that the act or acts created a grave risk of death to a person, other than a participant in

16 the offense, such that participation in such act or acts constituted a reckless disregard for human

17 life, and the victim named in the respective capital count died as a direct result of such act or acts

18 (18 U.S.C. § 3591(a)(2)(D)).

19     109.   As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this

20 Indictment, the defendant BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG", in the commission

21 of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of

22 death to one or more persons in addition to the victim of the offense named in the respective

23 capital count (18 U.S.C. § 3592(c)(5)).

24     110.   As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this

25 Indictment, the defendant BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG", committed the

26 offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. §

27 3592(c)(9)).

28     111.   As to Count Ten, Count Eleven, Count Twelve, and Count Seventeen of this

SECOND SUPERSEDING INDICTMENT            -37-

1  Indictment, the defendant BENJAMIN CAMPOS-GONZALEZ, a/k/a "BG", intentionally killed

2  or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

3

4  DATED: July 3/ , 2012                    A TRUE BILL

5

6

7                                          FOREPERSON

8  MELINDA HAAG
   United States Attorney

9

10

11  MIRANDA KANE
    Chief, Criminal Division

12

13

14  (Approved as to form: _____)
                          ACADIA L. SENESE
15                        W.S. WILSON LEUNG
                          Assistant United States Attorneys
16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND SUPERSEDING INDICTMENT            -38-