IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH ORTIZ,<br><br>    Defendant.<br>                                       / | No. CR 12-00119 SI<br><br>**ORDER DENYING DEFENDANT JOSEPH ORTIZ' MOTION TO COMPEL IMMUNITY, PRECLUDE THE DEATH PENALTY, OR FOR DELAY** |

Defendant Joseph Ortiz is charged in the Second Superceding Indictment with twenty-five counts, ranging from racketeering conspiracy, assault, and the use of a firearm causing death, to murder in aid of racketeering. Four of these charges, the racketeering murders in Counts Ten, Eleven, and Twelve, and the use of a firearm causing death in Count Seventeen, carry the potential penalty of death. The government has not yet decided whether it will seek the death penalty.

Of the eighteen other defendants charged in the Second Superceding Indictment, five are members of defendant Joseph Ortiz's family: his father, Michael Ortiz, Sr.; his mother, Tanya Rodriguez; his brother, Michael Ortiz, Jr.; his cousin, Louis Rodriguez; and his aunt, Betty Ortiz. His father and brother are charged with the racketeering-related conspiracies. His father and brother, together with his mother, his aunt and his cousin, are also charged with, *inter alia*, being accessories

after the fact to the racketeering murders, and obstructing justice.[1]

The *United States Attorney's Manual* outlines an internal procedure for deciding when to seek the death penalty for death-eligible defendants. The manual provides for the opportunity for defense counsel to present mitigating evidence to the government before it decides whether to seek the death penalty during the penalty authorization process. This mitigating evidence often includes the early life experiences of the defendant, which frequently is provided by the defendant's family members.

Defendant Joseph Ortiz argues that he is unable to gather and present mitigating evidence for the government decision because his father, mother, brother, aunt, and cousin are all co-defendants in this case. Each of these five family members has a Fifth Amendment right to remain silent. Counsel for defendant Joseph Ortiz represents that counsel for these family members have said that none is willing to serve as a witness in the penalty authorization process, and only one is willing to be interviewed. Defendant Joseph Ortiz asks the Court to compel the government either to give use immunity to his family members' testimony, or to preclude the government from seeking the death penalty against him if his family members will not testify. Alternatively, defendant Joseph Ortiz asks to delay either his case in toto, or at least the government's death penalty authorization process until his family members are available to present mitigating evidence.

### LEGAL STANDARD

The issues surrounding compelled use immunity, preclusion from the death penalty, and a delay of the death penalty authorization decision present a conflict between separation of powers concerns and due process concerns. The government has "exclusive authority and absolute discretion" in its charging decisions on a case. *United States v. Nixon*, 418 U.S. 683, 693 (1974). The government has broad powers to enforce the laws of the United States. *See Wayte v. United States*, 470 U.S. 598, 607 (1985). Its discretion extends to deciding which defendants should be indicted and what penalties will be sought against certain defendants, because each case varies based on "the strength of the case, the prosecution's

---

[1] The government is not seeking the death penalty against any of defendant Joseph Ortiz' family members.

2

general deterrence value, the government's enforcement priorities, and the case's relationship to the government's overall enforcement plan." *Id.*

The deference to the government's broad power is moderated by due process concerns. Thus, "whatever power the government possesses may not be exercised in a manner which denies the defendant the due process guaranteed by the Fifth Amendment." *United States v. Straub*, 538 F.3d 1147, 1156 (9th Cir. 2008) (quoting *United States v. Alessio*, 528 F.2d 1079, 1081-82 (9th Cir. 1976)). This is especially true when the defendant is eligible for the death penalty. The Supreme Court has held death penalty-eligible cases to a higher standard for due process, finding that the "qualitative difference between death and other penalties calls for a greater degree of reliability when the death sentence is imposed." *Lockett v. Ohio*, 438 U.S. 586, 604 (1978). For purposes of the current motion, however, the heightened due process requirements which apply to capital cases generally are tempered, because the motion only concerns the internal government decision to seek the death penalty, which both plaintiff and defendant agree confers no substantive rights.

## DISCUSSION

**1. Compelled Use Immunity**.

In light of the separation of powers and due process concerns involved, a court may compel the government to grant use immunity to a witness only when: "(1) the witness's testimony would have been relevant, and (2) the prosecution refused to grant the witness use immunity with the *deliberate intention* of distorting the fact-finding process." *Straub*, 538 F.3d at 1156 (emphasis in original) (quoting *Williams v. Woodford*, 384 F.3d 567, 600 (9th Cir. 2004)).

The relevance requirement for compelled use immunity is "minimal." *Id.* at 1157. Regarding the second requirement of deliberate distortion, the defendant must show either: (a) the prosecution intentionally caused the defense witness to invoke the Fifth Amendment right against self-incrimination with the purpose of distorting the fact-finding process; or (b) the prosecution selectively granted immunity to some government witnesses, but denied immunity to a contradictory defense witness, with the effect of so distorting the fact-finding process that the defendant was denied his due process right to a fundamentally fair trial. *Id.* at 1162.

3

Here, assuming that the family member co-defendants will provide mitigating evidence about defendant Joseph Ortiz which will be relevant to the government's death penalty authorization process, the first criterion will be met. As to the second criterion, defendant Joseph Ortiz argues that the government deliberately indicted his family members, and thus caused them to invoke the Fifth Amendment.[2]

It is not enough that the government was merely intentional in its indictment of defendant's family members. As the Ninth Circuit explained, "In one sense, any time the prosecution causes a witness to invoke his Fifth Amendment right, this could be described as 'intentional.' . . . . Our cases have insisted that the government's actions need to amount to something akin to prosecutorial misconduct." *Id.* at 1157. Compelled use immunity is thus not warranted where the government merely indicted potential witnesses, without a further showing that it acted with the purpose to distort the fact-finding process. *See United States v. Cerna*, 08-CR-0730-WHA (N.D. Cal. April 7, 2011) (Order Denying Defendant Cruz-Ramirez's Request for Grant of Immunity for SF-1211) (denying the defendant's request for compelled immunity when the government had merely indicted the co-defendant witness, and thus did not act to purposefully distort the fact-finding process). *Compare United States v. Leal-Del Carmen*, 11-50094, 2012 WL 4040253 (9th Cir. Sept. 14, 2012) (finding that selective deportation of the only witness favorable to the defendant, while not deporting three other illegal immigrants with contradictory testimony, was in bad faith).

Here, defendant Joseph Ortiz has not shown that the government acted with the purpose of distorting the fact-finding process. Therefore, the motion to compel the government to grant use immunity to his family member co-defendants is denied.

**2. Preclusion from Seeking the Death Penalty**.

Defendant Joseph Ortiz argues that the failure to immunize the testimony of his family member co-defendants will harm his mitigation presentation to the government in the death penalty authorization

---

[2] Because in this case no immunity has been granted, the defendant does not argue that there was a selective grant of immunity.

4

process, which will deny him due process of the law. He therefore asks this Court to preclude the government from seeking the death penalty against him.

However, the government has broad discretion to charge defendants and to seek certain penalties. Even in the capital context, the Supreme Court has noted favorably "the capacity of prosecutorial discretion to provide individualized justice." *McCleskey v. Kemp*, 481 U.S. 279, 311-12 (1987). Because of the importance of prosecutorial discretion, the Supreme Court has held that it would demand "exceptionally clear proof before we would infer that the discretion has been abused." *Id.* at 297. Thus, in light of the deference to prosecutorial discretion provided by the Supreme Court, a challenge to the decision of the government to pursue capital punishment must fail unless it alleges an abuse of that discretion. *See United States v. Frank*, 8 F. Supp. 2d 253, 283 (S.D.N.Y. 1998).

Defendant Joseph Ortiz's request to preclude the government from seeking the death penalty is denied because he has failed to present any evidence that the government has acted improperly.

**3.  Delay of Defendant Joseph Ortiz's Case and/or Death Penalty Decision**.

Defendant Joseph Ortiz asks this Court, in the alternative, to delay his case and the government's decision about whether to seek the death penalty against him until his family members are available to present evidence at the death penalty authorization process. However, this would delay the case until after the cases against defendant Joseph Ortiz' mother, father, brother, aunt, and cousin have been either dismissed or decided, potentially a considerable length of time. Moreover, there is a strong proscription against the courts interfering with internal government enforcement processes. The Ninth Circuit has noted the general rule that "[c]ourts do not have the authority to supervise out-of-court executive procedure in the absence of a constitutional or statutory violation." *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir. 2003) (quoting *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir.1991)). The Defendant Joseph Ortiz has failed to allege due process concerns that would overcome this proscription against court interference. Thus, because a delay is unwarranted by due process considerations, it will be denied.

///

Accordingly, the Court DENIES defendant's motion. This Order resolves Docket No. 248.

**IT IS SO ORDERED.**

Dated: September 22, 2012

SUSAN ILLSTON
United States District Judge