MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

ACADIA L. SENESE (CABN 251287)
W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6758
   Facsimile: (415) 436-6753
   E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-12-0119-SI |
| v. | GOVERNMENT'S STATUS REPORT |
| JOSEPH ORTIZ, et al., | |
| Defendants. | |

## I. Introduction

The Government respectfully submits this status report relating to the above-captioned matter in advance of the July 19, 2013, status conference.

## II. The Five Remaining Defendants and the Charges Against Them

As of today, fourteen of the originally-charged nineteen defendants have pled guilty, leaving five defendants — Victor Flores (represented by Richard Mazer, Esq.), Justin Whipple (represented by David Andersen, Esq.), Benjamin Campos-Gonzalez (represented by Stuart Hanlon, Esq.), Armando Acosta (represented by Linda Fullerton, Esq.), and Mario Bergren

(represented by George Boisseau, Esq.) — in the case.

All five of these defendants are charged with the following offenses arising from their involvement in the racketeering enterprise alleged as the 500 Block/C Street Gang:

1. Count One, racketeering conspiracy, in violation of 18 U.S.C. § 1962(d);
2. Count Two, conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); and
3. Count Three, conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6).

In addition, defendants Victor Flores, Justin Whipple, and Benjamin Campos-Gonzalez are also charged with the following nine offenses arising from their participation in the December 22, 2010, shooting in South San Francisco that killed three young men and wounded three others:

1. Counts Ten, Eleven, and Twelve, racketeering murder, in violation of 18 U.S.C. §§ 1959(a)(1) and 2;
2. Counts Thirteen, Fourteen, Fifteen, and Sixteen, attempted racketeering murder, in violation of 18 U.S.C. §§ 1959(a)(5) and 2;
3. Count Seventeen, use of a firearm in furtherance of a crime of violence causing the death of a person, in violation of 18 U.S.C. §§ 924(j) and 2; and
4. Count Eighteen, use of a firearm during and in relation to, or possession of a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2.

Victor Flores is also charged with the following four additional offenses arising from his shooting of three federal agents who sought to arrest him on May 3, 2012:

1. Counts Thirty, Thirty-One, and Thirty-Two, attempted murder of a federal agent; and
2. Count Thirty-Three, use of a firearm during and in relation to, or possession of a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c).

Defendant Benjamin Campos-Gonzalez, in addition to the racketeering-related

conspiracies charged in Counts One, Two, and Three, is also charged with the following five crimes arising from his involvement in two robberies on April 5 and 9, 2010:

    1. Count Twenty-Three, conspiracy to commit robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a);

    2. Counts Twenty-Four and Twenty-Six, robbery affecting interstate commerce, in violation of 18 U.S.C. §§ 1951(a) and 2; and

    3. Count Twenty-Five and Twenty-Seven, use of a firearm during and in relation to, or possession of a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2.

Defendants Armando Acosta and Mario Bergren, in addition to the racketeering-related conspiracies charged in Counts One, Two, and Three, are also charged in Count Four with use of a firearm during and in relation to, or possession of a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2.

Armando Acosta is also charged with the following four additional offenses arising from his efforts to obstruct the investigation of the December 22, 2010, shooting in South San Francisco referenced above:

    1. Count Nineteen, accessory after the fact to the December 22, 2010 racketeering murders and attempted racketeering murders, in violation of 18 U.S.C. § 3;

    2. Count Twenty, conspiracy to obstruct justice, in violation of 18 U.S.C. § 371;

    3. Count Twenty-One, obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; and

    4. Count Twenty-Two, concealment of an object to obstruct investigation, in violation of 18 U.S.C. §§ 1519 and 2.

**III. Issues to Be Addressed at the July 19, 2013 Status Conference**

The Government intends to address the following issues at the July 19, 2013 status conference:

    **A. Trial Grouping and Schedules**

Defendant Mario Bergren is presently scheduled for trial on August 19, 2013. Because

Bergren is now the only defendant set for trial, the Government intends to request that his trial date be vacated and that he be grouped with the other four remaining defendants for trial. In light of the fact that all the defendants face common charges based on their involvement in the 500 Block/C Street Gang racketeering enterprise, and, hence, common evidence, the Government believes that all of the remaining five defendants can and should be tried together in the same trial, which would help conserve judicial resources as well as ensure consistency of fact-finding.

The Government estimates that a single trial of all five defendants should take approximately two months, although this estimate is approximate and depends on the extent and nature of any defense case. Mr. Boisseau, counsel for defendant Mario Bergren, has indicated that he would be willing to move the August 19, 2013 trial date, and would like it scheduled for November 2013. In contrast, Mr. Hanlon, counsel for defendant Benjamin Campos-Gonzalez, has indicated that he would not be available in the Fall due to other trial commitments, and, instead, suggested April 2014.

**B.     Pending Motions**

In light of the many defendants who have pled guilty since the last general appearance in this case, the Government believes that most of the pending motions have been mooted. However, there does remain potential litigation over the admissibility of state and federal wiretap evidence. Although the Government believes that most of the defendants who were most keenly interested in this litigation have now pled guilty, it is possible that at least some of the remaining five defendants might still want to pursue this litigation. Thus, the Government suggests that the presently applicable briefing schedule for any wiretap litigation be retained. Based on the Court's order of July 2, 2013 (Docket #686), this schedule is as follows:

1.     Defendants' opening brief to be filed on July 26, 2013;

2.     Government's response due on August 23, 2013;

3.     Defendants' reply due on September 13, 2013; and

4.     Hearing on the motion on September 26, 2013, at 3:30 pm.

**C.     Anticipated Government Suggestions**

In light of the foregoing, the Government anticipates making the following suggestions at the July 19, 2013 status conference:

1. The August 19, 2013 trial date for Mario Bergren should be vacated, and Bergren should be grouped with his remaining co-defendants for trial;

2. The existing schedule for any wiretap litigation should be confirmed; and

3. A trial date for all defendants should be set, along with any dates for related proceedings, such as the Pretrial Conference and the filing dates of motions *in limine*.

DATED: July 18, 2013

Respectfully submitted,

MELINDA HAAG
United States Attorney

By: /s/
ACADIA L. SENESE
W.S. WILSON LEUNG
Assistant United States Attorneys